SCHNELL, *alias* JENKINS, *v.* THE STATE.

1. It is no cause of challenge to the array that twelve out of the eighteen jurors constituting the array had just served as a jury for the trial of another person indicted for a like offence growing out of the same transaction involved in the pending indictment against the accused, that a verdict of guilty was rendered in that case, and that the witnesses and the evidence in the present case would be the same as they were in the former. If the matter of the challenge was good at all, it would not set aside the panel, but would be available only by challenges to the polls.

2. In trials for misdemeanors there is no right to examine a juror upon his *voir dire* without first challenging him and assigning a cause of challenge. This must be done before the juror is sworn, unless the cause of challenge be unknown till afterwards. Where it does not appear to the reviewing court that any particular juror was challenged, or that any cause of challenge was assigned, or at what stage of the proceedings the request was made to examine jurors upon their *voir dire*, the refusal of the court to put each and every one of the jurors on his *voir dire* at the request of counsel for the accused cannot be held erroneous, the *onus* of showing error being upon the party who alleges it.

3. The evidence warranted the verdict.　　　*Judgment affirmed.*

April 10, 1893.

Indictment for playing and betting. Before Judge WILLIS. City court of Columbus. October term, 1892.

BLANDFORD & GRIMES and H. C. CAMERON, for plaintiff in error.

T. Y. CRAWFORD, solicitor, by W. A. TIGNER, *contra.*

---

