CUNNEEN *v.* THE ʼSTATE.

1. Upon the trial of a criminal case, the defendant, upon arraignment, is entitled to have included in the panel put upon him those persons who have been regularly drawn, summoned, impaneled and sworn as jurors, and who have not thereafter been, for some reason sufficient in law, excused from attendance upon the court; and the trial judge has no discretionary power, by discharging some jurors and substituting others, so to change the personnel of the panel as to put upon the accused an array of jurors other than that legally drawn and impaneled.

2. That certain of the jurors regularly drawn and impaneled had upon a former occasion been members of a jury before whom a trial of the accused was begun, but which trial, after the introduction of a portion only of the evidence for the State, was brought to an end upon the motion of the accused for a mistrial, afforded no ground for excluding, without the consent of the accused, the jurors above referred to from an array put upon him at the trial now under review; and a challenge to the array at that trial, upon the ground that these jurors, for the reason above stated, and for that reason only, were by the court upon its own motion excluded from the panel then put upon the accused, they being otherwise competent, should have been sustained.

3. No error of law, other than as above indicated, was committed upon the trial.

July 15, 1895. By two Justices.

Indictment for keeping lottery. Before Judge MAC-DONELL. City court of Savannah. February term, 1895.

GARRARD, MELDRIM & NEWMAN, for plaintiff in error.

W. W. FRASER, solicitor-general, *contra.*

ATKINSON, Justice.

1. The law provides the method by which juries are to be selected for the trial of criminal cases. It requires that from the jury-boxes the names of jurors shall be drawn to serve upon the several panels which sit during the term for which they are drawn. These are the legally constituted juries. If, for any reason sufficient in law, the court should see proper to discharge a juror from attendance upon the court, his place may be supplied by a tales-juror; and if for any cause a juror

should become disqualified, his place may in like manner
be supplied. A defendant upon trial in a criminal case is
entitled to have put upon him the jurors legally impan-
eled; and the court has no power, without sufficient
legal cause, to direct that any individual of the panel be
set aside, and his place supplied by another juror. Differ-
ent panels may from time to time be organized, and any
panel so organized can be put upon the accused; but the
court cannot, from a legally organized panel, except for
sufficient legal cause, require a juror to stand aside. The
election of jurors is accomplished by the law under a dif-
ferent process. The allowance of such a practice would
take the jury-lists from under the control of those per-
sons to whom the law has committed their keeping, and
place them under the control of the judge. To do this,
would impose upon the judge the responsibility for the
personnel of a jury; and this would be not only an ex-
ceedingly embarrassing, but a dangerous practice.

2. In the present case, some of the jurors constituting
the regular panel had sat upon a former trial of this de-
fendant, at which a mistrial had been declared. Whether
they could qualify or would have qualified under such
examination as to their impartiality as the court might
direct, was not determined. They were otherwise com-
petent. Whether the former trial at which the mistrial
was declared had progressed so far as that they could
not have qualified under an examination of the charac-
ter above referred to, was a matter for each of the indi-
vidual jurors to have answered. They were not, be-
cause of that circumstance alone, disqualified as a mat-
ter of law. The court, however, taking the contrary
view of it, directed that a panel of jurors be made up
by summoning talesmen to supply the places of those
jurors who had been engaged upon the former trial, and
accordingly excused the latter from the panel. When
the panel was put upon the accused, he filed a challenge

to the array, upon the ground that it had not been legally constituted, and upon the ground that these eligible and competent jurors had been illegally excluded from the jury-box in this case. The court sustained a demurrer to the challenge to the array, and dismissed it. We think, upon the principles announced above, this judgment was erroneous. The panel should have been quashed, and a new panel formed, including thereon the jurors who had been thus illegally excused.

*Judgment reversed.*