## 9216. JOHNSON *v.* THE STATE.

HARWELL, J. 1. The court did not err, as contended in ground one of the motion for a new trial, in instructing the prosecutrix that a certain question propounded to her on cross-examination was argumentative, and that she need not answer it.

2. Ground two of the amendment to the motion for new trial contains an entire page of questions asked by the court and by the solicitor-general of a witness for the defendant, and assigns error upon the questions asked by the court. It was the duty of counsel to object to any improper question, whether propounded by court or by counsel; and it is both proper and necessary to move the court to exclude the answer of the witness, if the answer is for any legal reason objectionable. *Wilson* v. *State*, 19 *Ga. App.* 759 (3), 763 (92 S. E. 309). The questions asked in this case were not objected to, and there is no contention that the answers made were in any way objectionable. In addition, we are not able to say, from the recitals of the motion, that either the questions or answers were prejudicial or harmful.

3. Special grounds three and four, not being argued by counsel for plaintiff in error, will be treated as abandoned.

4. The court charged the jury as follows: "Good character in itself is a substantive fact which may, or may not, be sufficient to generate in your minds a reasonable doubt as to the guilt of the accused. If you believe him to be guilty beyond a reasonable doubt, it is your duty to find him guilty, notwithstanding his good character." This charge is a correct statement of the law, and there is no merit in the exceptions to segregated portions thereof, contained in special grounds five and six of the motion for new trial. *Brown* v. *Matthews*, 79 *Ga.* 1 (4 S. E. 13); *Partee* v. *State*, 19 *Ga. App.* 752, 759 (92 S. E. 306); *Hill* v. *State*, 18 *Ga. App.* 259 (89 S. E. 351).

5. There is no merit in ground seven. If the defendant desired a further charge on the subject of good character, a timely written request therefor should have been made.

6. "In order that this court may consider an exception to the judge's refusal of a request to charge, it must appear, not only that it was in writing, but also that it was tendered to the court before the jury retired to 'consider of their verdict.'" The eighth special ground of the motion not alleging that the request for the desired charge on impeachment was timely made, the court did not err in refusing it. *Shirley* v. *State*, 5 *Ga. App.* 611 (63 S. E. 583).

7. The affidavits of jurors may be taken to sustain, but not to impeach, their verdict. Civil Code (1910), § 5933. Accordingly, the court properly overruled the ninth special ground of the motion for new trial, in which it was sought to attack the verdict by the affidavit of jurors only.

8. The fact that one of the jurors who sat on the case "had heard the testimony on a former trial" is no ground for the grant of a new trial, it not appearing that the juror, from having heard the testimony, had formed or expressed any opinion as to the guilt or innocence of the

prisoner at the bar. Hence, the court did not err in overruling ground ten of the amendment to the motion for new trial.

9. The verdict is supported by the evidence, and has the approval of the trial judge; and no error of law appearing which requires a reversal, this court will not interfere.

> *Judgment affirmed. Broyles, P. J., and Bloodworth, J. concur,*
> DECIDED DECEMBER 19, 1917.

Conviction of assault and battery; from Catoosa superior court —Judge Tarver. September 8, 1917.

*Glenn & House, W. E. Mann,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.

