## 10580. LANGSTON *v.* THE STATE.

1. One is not disqualified from being a juror in a criminal case because of the formation and expression of an opinion as to the guilt or innocence of the accused, unless such opinion is formed and expressed either from having seen the crime committed or from having heard the testimony under oath.

2. On the hearing of the extraordinary motion for a new trial in this case the evidence for the defendant was met with a counter-showing by the State, and it is not made to appear that the judge abused his discretion in overruling the motion.

DECIDED NOVEMBER 4, 1919.

Conviction of assault with intent to rape; from Jeff Davis superior court—Judge Highsmith. April 4, 1919.

*S. D. Dell,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

BROYLES, C. J.  In the instant case, upon the hearing of the extraordinary motion for a new trial, it was shown by the affidavit of Hattie Lowery that one of the jurors was the magistrate before whom the warrant charging the defendant with the crime for which he was subsequently convicted was sworn out, and that the juror had stated to the affiant, before the trial of the defendant in the superior court, that there was no doubt about the defendant's guilt and that he ought to be convicted.  It was shown by the affidavit of defendant's counsel that after the trial in the superior court the juror virtually admitted to him that he had made such statements, and that he further stated "that he always investigated thoroughly such cases before he issued warrants, and did in this case, and that at the time of the alleged conversation with Hattie Lowery the matter was fresh in his mind, and that he guessed he made the statements."  The two affidavits were accompanied by the necessary supporting affidavits.  The State, in a counter-showing, presented an affidavit from the juror in question in which he admitted that he was the justice of the peace who issued the warrant against the defendant; that the defendant was brought before him and waived commitment hearing and that he assessed bond; "deponent also remembers that at about this time Hattie Lowery asked him what the charge was against the defendant, and deponent told her that Eugenia Reddick had sworn out a warrant against the defendant, charging him with assault with intent to rape her little girl, but deponent does not remember telling Hattie Lowery or any other person that defendant was guilty and ought to be convicted, or that there was any doubt about his guilt; nor does deponent remember making any other statement of a similar nature to anybody; deponent can not swear positively that he did not make such a statement, for the reason that he does not remember it, but says that if he did make such a statement he has completely forgotten it."  In his affidavit the juror further stated: "Deponent says that at the time of the trial of said case and at the time deponent was accepted as a juror to try the same, there was no bias or prejudice resting upon deponent's mind either for or against the defendant, Robert Langston; that deponent entered upon the trial of said case with his mind open and impartial as between the State and the accused and with his mind free from any bias or prejudice whatever; that he returned in said case the only verdict

which, in deponent's opinion, was authorized by the evidence; that if the evidence had warranted or authorized it deponent would have gladly returned a verdict of acquittal; that deponent *had not formed any opinion, previous to the trial of said case, as to the guilt of the defendant,* and had no prejudice or bias resting upon his mind either for or against the accused, and that he entered upon the trial of said case with the determination to render whatever verdict was, in deponent's opinion, required by the evidence, whether of conviction or acquittal, and that to the best of his ability he did return such verdict." (Italics ours.) It also appears from a note by the trial judge that the warrant against the defendant issued by the juror was put in evidence upon the trial, and that this was known by the defendant's counsel.

1, 2. As held in the first headnote, to disqualify one from being a juror in a criminal case, because of the formation and expression of an opinion as to the guilt or innocence of the accused, the opinion must have been *formed and expressed,* either from having seen the crime committed or from having heard the testimony under oath. Penal Code, § 1001 (1); *Loyd* v. *State,* 45 *Ga.* 57 (6); *Wilburn* v. *State,* 141 *Ga.* 510 (3), 511 (81 S. E. 444), and cases cited. While the evidence upon the hearing of the extraordinary motion for a new trial may have demanded a finding that the juror had *expressed* an opinion as to the defendant's guilt, it did not demand a finding that he had *formed* and expressed such an opinion, since the juror in his affidavit specifically denied that he had *formed* any opinion, previous to the trial of the case, as to the guilt of the defendant. Furthermore, even if it be conceded that the *expression* of an opinion necessarily shows a prior *formation* of the opinion, it does not appear in this case that the opinion of the jury as to the guilt of the accused was formed from having seen the crime committed or from having heard the testimony under oath. The defendant waived a commitment trial, and consequently it will be presumed that no *testimony under oath* was heard by the committing magistrate. We do not think that the swearing out of the warrant could be considered as "testimony under oath" within the meaning of the statute. There was no contention that the juror had seen the crime committed. Consequently it was for the judge, who as to all matters of fact was the trior, to decide whether the juror had *formed and expressed*

an opinion as to the guilt of the accused *from having heard any of the testimony delivered on oath;* and, in our opinion, his decision in favor of the State on this issue of fact was authorized by the evidence submitted. It follows that the court did not err in over-ruring the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*