16769.    FORD v. THE STATE.

1. The court did not err in overruling the demurrer to the indictment.
2. The alleged "challenge to the poll" was properly stricken.
3. Upon the trial of one charged with receiving stolen goods knowing them to have been stolen, a juror called in the case was not disqualified merely from having heard the evidence on the trial of the principal thief or from having heard him enter a plea of guilty.
4. The judge did not err in overruling the ground of the motion for a new trial based upon statements made by the judge and the solicitor-general while the jury was being selected.
5. It was not error for the court to permit the State to introduce evidence as to an alleged burglary of the Macon Department Store, a different burglary from that alleged in the indictment, and to permit the State to prove that certain articles taken from the Macon Department Store were found in the possession of the defendant in his store.  This evidence was admissible to show "knowledge, motive, intent, good or bad faith." *Lee v. State,* 8 *Ga. App.* 413 (3) (69 S. E. 310); *Farmer v. State,* 100 *Ga.* 41 (2) (28 S. E. 26); *Cawthon v. State,* 119 *Ga.* 395, 409 (46 S. E. 897).
6. When considered in connection with the other instructions given the jury, the court did not err in charging that "a reasonable doubt is a doubt that is reasonable growing out of the consideration of the evidence

---

Criminal Law, 16 C. J. p. 252, n. 16; p. 402, n. 67; p. 610, n. 22, 23; p. 990, n. 3; p. 1049, n. 82; p. 1050, n. 84.

Juries, 35 C. J. p. 348, n. 64; p. 375, n. 58; p. 405, n. 33.

Receiving Stolen Goods, 34 Cyc. p. 515, n. 12, 14; p. 519, n. 43; p. 520, n. 47; p. 521, n. 59; p. 522, n. 65 New; p. 526, n. 92; p. 529, n. 10; p. 530, n. 14 New.

in* the case." *Clark* v. *State,* 27 *Ga. App.* 803 (4) (109 S. E. 927), and cit.

7. None of the other grounds of the motion based upon alleged errors in the charge show reversible error.

8. "An indictment under the Penal Code, § 168, against one for receiving stolen goods, knowing them to be stolen, must allege that the principal thief has been indicted and convicted."

9. "The conviction of the principal is not an element in the crime defined in the Penal Code, § 168, but is a regulation which affects the time when or the manner in which a person indicted under said section can be tried. The gist of the offense created by said section is buying or receiving goods with the felonious knowledge that they were stolen."

10. "Before a conviction can be had for the offense created under said section, it must be shown that the principal, whether taken or not, whether known or not, is guilty. The record of the conviction of the principal thief is conclusive evidence of his conviction, but is merely prima facie evidence of his guilt; but the introduction of such record in evidence by the State places the onus upon the accessory of disproving the guilt of the principal."

11. "Where the indictment against a person under said section alleged that the principal thief had been tried and convicted, but where thereafter the conviction of the principal was set aside and a new trial granted, not for any defect in the indictment, but for some error committed in the trial of the case of the principal, which required the grant of a new trial, and where before the trial of the accessory the principal pleaded guilty and was sentenced thereon, the record in the trial of the case of the principal thief was admissible for the purpose of showing the prima facie guilt of the principal.

" (a) A plea of guilty stands upon the same footing as a conviction by a jury, and has the same force and effect as a verdict of guilty.

" (b) The averment of the indictment that the defendant had been indicted and convicted was fully shown by the production of the indictment and the conviction; and where this conviction was set aside by the grant of a new trial, the purpose of requiring such averment and proof was substantially effectuated by a plea of guilty by the principal before the trial of the accessory was begun.

" (c) The accessory could waive the conviction of the principal and go to trial on the charge preferred against him; and where the defendant knew that the conviction of the principal had been set aside by the grant of a new trial, and went into the trial of the case without raising any objection to so doing on the ground that the principal had not been convicted, this amounted to a waiver on his part."

12. The motion for a new trial was properly overruled.

DECIDED AUGUST 4, 1926.

Receiving stolen goods; from Bibb superior court—Judge Mathews. August 8, 1925.

Certiorari was granted by the Supreme Court.

*R. D. Feagin, T. J. Cochran,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J.  1.  Of the foregoing headnotes 1, 4, 5, 6, 7 need not be enlarged upon.  What follows will make the others more fully understood.

2.  Counsel for the accused filed what he termed a "challenge to the poll."  This was in the nature of a challenge to the array, and, as has been frequently held, this is not the proper method of raising the question of disqualification of individual jurors. *Humphries* v. *State,* 100 *Ga.* 260 (2), 261 (28 S. E. 25) ; *Thompson* v. *State,* 109 *Ga.* 272 (2) (34 S. E. 579) ; *Schnell* v. *State,* 92 *Ga.* 459 (17 S. E. 966) ; *Paulk* v. *State, 2 Ga. App.* 662 (2) (58 S. E. 1109).  Moreover the ruling complained of could not have worked any injury to the cause of defendant; for in his order striking this "challenge" the judge said:  "The jurors challenged therein were individually challenged [and] put upon the court as a trior."

3.  Each of several grounds of the motion for a new trial alleges that the court erred in holding as competent a juror who had been present when one of the principal thieves pleaded guilty.  These grounds are without merit.  *Loyd* v. *State,* 45 *Ga.* 57 (6), 72.  Even though a juror had heard the evidence on a previous trial of the same case, this would not disqualify him unless he had formed and expressed an opinion from having heard the testimony delivered under oath.  Penal Code, § 1001; *Cunneen* v. *State,* 96 *Ga.* 406 (2) (23 S. E. 412) ; *Johnson* v. *State,* 21 *Ga. App.* 497 (8) (94 S. E. 630) ; *Langston* v. *State,* 24 *Ga. App.* 316 (101 S. E. 3).  Moreover, each of these jurors was put upon the court as a trior, and we can not say that he abused his discretion in holding the jurors competent.

8-11.  Headnotes 8 to 11 inclusive are copies of the headnotes to an opinion of the Supreme Court written in answer to certain questions certified to it by this court.  For the full opinion of the Supreme Court see 162 *Ga.* 422 (134 S. E. 95).  Under the rulings of the Supreme Court there was no error in admitting the evidence of which complaint is made in grounds 16 and 17 of the motion for a new trial.

12.  There is sufficient evidence to support the verdict, and none of the special grounds of the motion for a new trial shows reversible error.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*