*J. D. Hughes* and *D. W. McCoy,* contra.

---

# FORD v. THE STATE.

1. The description of the property which it is alleged the defendant did buy and receive from certain named parties is sufficient.

2. Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of the Penal Code, or so plainly that the nature of the offense charged may be easily understood by the jury. Penal Code, § 954. The indictment in this case meets this requirement.

Indictments and Informations, 31 C. J. p. 703, n. 86; p. 709, n. 31.

Juries, 35 C. J. p. 325, n. 17, 18; p. 375, n. 58; p. 385, n. 9; p. 1040, n. 61.

Receiving Stolen Goods, 34 Cyc. p. 521, n. 54; p. 522, n. 62.

3. There is no error in the ruling of the Court of Appeals announced in the second division of that court's opinion .

4. There is no error in the ruling and doctrine announced in the third division of the opinion of the Court of Appeals.

5. On the trial of a person charged in an indictment with the offense of buying and receiving stolen goods, knowing that they were stolen, a juror who had formed and expressed an opinion as to the guilt of the principal thief, from having heard evidence upon his trial or from having heard him plead guilty, was properly held by the trial court to be a competent juror where he qualified as such by his answers to the usual voir dire questions.

6. The Court of Appeals properly recognized and applied the principles ruled in the opinion of this court in answer to certain questions certified to it by the Court of Appeals when this case was pending before the latter court. *Ford* v. *State*, 162 *Ga.* 422 (134 S. E. 95).

No. 5620. JULY 15, 1927. REHEARING DENIED SEPTEMBER 14, 1927.

Certiorari; from Court of Appeals. 35 *Ga. App.* 655.

*R. Douglas Feagin* and *T. J. Cochran,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BECK, P. J.  J. W. Ford made application for a writ of certiorari to review a decision and judgment of the Court of Appeals. The case came to the Court of Appeals on a writ of error to review a judgment rendered in the superior court of Bibb County, overruling a motion for a new trial filed by Ford in the case of the State of Georgia *v.* J. W. Ford, on an indictment charging him with the offense of a felony, "in that the said J. W. Ford on the 18th day of November, in the year nineteen hundred and twenty-three, in the county aforesaid, did then and there, unlawfully and with force and arms, buy and receive from Cleveland Roberson and Sammie Morris, twelve boys' suits, of the value of one hundred and twenty-five dollars, ten men's overcoats of the value of $350.00, eight men's hats of the value of $45.00, ten lady's coats of the value of $400.00, six pairs of pants of the value of $30.00, and one fur neck-piece, of the value of $15.00, of the personal goods of B. Goldman trading as the Reliable Outfitters, which had been stolen, knowing the same to have been stolen, the said Cleveland Roberson and Sammie Morris having theretofore, on the 15th day of November, 1923, broken and entered the storehouse of the said B. Goldman trading as the Reliable Outfitters, and after breaking and entering did then and there unlawfully, wrongfully, privately, and fraudulently take and carry away said property, with intent to steal the same, and the said Cleveland Roberson

and Sammie Morris having heretofore been arrested, indicted, tried and convicted as principals in said burglary; contrary to the laws of said State, the good order, peace, and dignity thereof." The bill of exceptions likewise assigned error on exceptions pendente lite duly and timely filed by J. W. Ford in the trial court to the judgment overruling a demurrer to the indictment, based upon seven grounds which are set out in the record; and upon the judgment overruling the demurrer upon each and every ground thereof; and upon exceptions pendente lite to the judgment sustaining a demurrer and motion of the State to strike a challenge to the poll to certain of the jurors impaneled to try Ford; and upon the judgment striking the challenge to the poll, which challenge was filed in writing and is a part of the record, as are likewise the exceptions pendente lite.

1. Error is assigned upon that part of the decision of the Court of Appeals which affirms the judgment of the trial court overruling the demurrer to the indictment. One ground of the demurrer challenges the indictment on the ground that it does not describe with sufficient definiteness and particularity the property alleged to have been feloniously received by the defendant in violation of law. The description of the property appears in the statement of facts, and we are of the opinion that it is sufficient. Certain of the articles alleged to have been stolen are described with sufficient particularity, standing alone, without reference to the other articles; as, for instance, "one fur neck-piece of the value of $15.00, of the personal goods," etc. And when we consider that there are numerous articles of men's and women's dress alleged to have been bought in bulk, we think the entire description is sufficient.

2. Another ground of the demurrer is based upon the claim that "the indictment nowhere alleges that the goods the defendant is charged with receiving were stolen in the State of Georgia or outside of the State, and defendant is entitled to know which section of the Penal Code he is being prosecuted under." There is no merit in this exception. Section 168 of the Penal Code reads as follows: "If any person shall buy or receive any goods, chattels, money, or other effects that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment as would be inflicted on the person

convicted of having stolen or feloniously taken the property." A comparison of this section with the charges in the indictment will plainly show the section of the Penal Code with a violation of which the defendant is charged. Section 954 reads as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." This indictment fully complies with that section. *Lycett* v. *State*, 75 *Ga.* 253. It follows from what we have said above that the Court of Appeals did not err in affirming the judgment of the trial court which overruled the demurrer to the indictment.

3. The second division of the opinion of the Court of Appeals is as follows: "Counsel for the accused filed what he termed a 'challenge to the poll.' This was in the nature of a challenge to the array, and, as has been frequently held, this is not the proper method of raising the question of disqualification of individual jurors. *Humphries* v. *State*, 100 *Ga.* 260 (2), 261 (28 S. E. 25); *Thompson* v. *State*, 109 *Ga.* 272 (2) (34 S. E. 579); *Schnell* v. *State*, 92 *Ga.* 459 (17 S. E. 966); *Paulk* v. *State*, 2 *Ga. App.* 662 (2) (58 S. E. 1109). Moreover, the ruling complained of could not have worked any injury to the cause of defendant; for in this order striking this 'challenge' the judge said: 'the jurors challenged therein were individually challenged [and] put upon the court as a trior.'" The doctrine here laid down is sound law.

4. The third division of the opinion of the Court of Appeals is as follows: "Each of several grounds of the motion for a new trial alleges that the court erred in holding as competent a juror who had been present when one of the principal thieves had pleaded guilty. These grounds are without merit. *Loyd* v. *State*, 45 *Ga.* 57 (6), 72. Even though a juror had heard the evidence on a previous trial of the same case, this would not disqualify him unless he had formed and expressed an opinion from having heard the testimony delivered under oath. Penal Code, § 1001; *Cunneen* v. *State*, 96 *Ga.* 406 (2) (23 S. E. 412); *Johnson* v. *State*, 21 *Ga. App.* 497 (8) (94 S. E. 630); *Langston* v. *State*, 24 *Ga. App.* 316 (101 S. E. 3). Moreover, each of these jurors was put upon the court as a trior, and we can not say that he abused his discretion

in holding the jurors competent." To this ruling made by the Court of Appeals this court agrees.

5, 6. The rulings made in headnotes five and six require no elaboration. *Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., who dissents from the ruling in the second and fifth headnotes, and ATKINSON, J., who dissents from the ruling in the fifth headnote.