## BRADBERRY *v.* THE STATE.

No. 7774. July 26, 1930.

Beck, P. J.   In the indictment Harvey Bradberry was charged with the murder of Frances Elder.   He was placed on trial, and the jury returned a verdict of guilty, without a recommendation. A motion for new trial was overruled, and he excepted.

■   The original motion for new trial consisted of the usual general grounds, and an amendment thereto was allowed.   Exception was taken to the court's refusal of a written request to give the following in charge to the jury:   "Drunkenness of the defendant may be looked to by the jury to throw light upon the state of the defendant's mind  at the time of the killing, upon the question of malice."   The court did not err in refusing to give this in charge. The court did charge, in the course of his instructions to the jury, the following:   "Drunkenness shall not be an excuse for any crime or misdemeanor, unless such drunkenness was occasioned by fraud, artifice, or contrivance of another person, for the purpose of having a crime perpetrated; and then the person so causing said drunkenness, for such malignant purpose, shall be a principal and suffer the same punishment as would have been inflicted on the person committing the offense, if he had been possessed of sound reason and discretion."   The charge as given was as favorable to the accused as the court, under the evidence in the case, could make it. If the drunkenness of the defendant was occasioned by the contrivance of another person for the purpose of having the crime perpetrated, then, in so far as such drunkenness would be a defense, the jury were properly instructed upon the subject.   If the defendant was in a state of drunkenness by the voluntary use of intoxicating liquor, and the circumstances of the killing were such as to show an abandoned and malignant heart, the fact of the intoxication would not lessen or affect the character or degree of malice. "Unless the evidence suggest some other motive for the shooting, to be compared by the jury with the State's theory of a malicious intent, the offense has necessarily the same grade with, as without, drunkenness; and consequently, in such a case, there is no grading to be done, and any charge to the jury in reference to drunkenness, as a separate element in grading the offense, would be inapplicable,

872

and need not be given by the court." *Estes* v. *Sate*, 55 *Ga.* 30. If the defendant in this case, actually committed the crime, as the evidence and his confession tend to show that he did, there were no mitigating circumstances, and there could be none unless the defendant were insane and in a state of intoxication which had been contrived and brought about by another for the purpose of having the defendant commit the crime while in a state of intoxication.

The rulings made in headnotes 2, 3, 4, and 5 require no elaboration. *Judgment affirmed. All the Justices concur.*