FIELDS *v.* THE STATE.

BELL, Justice. 1. On a prosecution for the offense of rape, after a plea of not guilty had been entered on an indictment, and after the voir dire questions had been propounded to a panel of twelve jurors, but before any of the jurors had been sworn in chief (Code, § 59-709), the solicitor-general stated to the court that the clerk had handed to him the wrong indictment, and that he wished to withdraw the one on which

such plea· had been entered and to substitute a different indictment in which a different female was named as the "alleged victim;" whereupon the attorney for the defendant moved for a mistrial and a continuance, "on the ground that, under the statement made here by the solicitor in front of this jury, he had made a pointed inference that there is another case against this defendant, which is extremely prejudicial." The motion was overruled, and the case proceeded to trial upon the substituted indictment. *Held:*

(*a*) The motion appears to have referred to the first indictment only, as to which the case was in effect continued. Accordingly, nothing appears of which the defendant may complain.

(*b*) Even if the motion should be taken as relating to the substituted indictment, no reversible error appears. *Smith* v. *State*, 7 *Ga. App.* 252 (2) (66 S. E. 556); *Martin* v. *State*, 10 *Ga. App.* 798 (2) (74 ·S. E. 306).

2. The court did not err in refusing to disqualify the entire panel of jurors merely because of the statement of the solicitor-general. The proper method of objecting would have been by challenge to the poll if the jurors qualified upon their voir dire. *Humphries* v. *State*, 100 *Ga.* 260 (2) (28 S. E. 25); *Coleman* v. *State*, 141 *Ga.* 731 (82 S. E. 228); *Ford* v. *State*, 164 *Ga.* 638 (3) (139 S. E. 355); *Bradberry* v. *State*, 170 *Ga.* 870 (4) (154 S. E. 351).

3. Except as dealt with in the preceding notes, the special grounds of the motion for a new trial are controlled adversely to the defendant by the rulings in the companion case, *Barkley* v. *State*, ante, 641.

4. The evidence authorized the verdict, and the court did not err in refusing a new trial.    *Judgment affirmed.   All the Justices concur.*

No. 13277.   July 13, 1940.

*Russell G. Turner,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens, Quincy O. Arnold, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.