19756. SIDES *v.* THE STATE.

SUBMITTED JULY 8, 1957—DECIDED SEPTEMBER 12, 1957.

484

*Ernest C. Britton, H. J. Hatcher,* for plaintiff in error.

*John H. Land, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

MOBLEY, Justice. 1. In special ground 1, error is assigned upon the failure of the trial court to grant a motion for continuance. On the day of the defendant's trial for rape, the solicitor-general formally arraigned the defendant for three offenses, to wit: rape, molesting a minor, and kidnapping. To each of the charges the defendant entered his plea of not guilty. This entire proceeding took place in the courtroom, in the presence of the jurors who were to subsequently try the defendant for rape, and before the jury had been empaneled and sworn. Counsel for the defendant made a motion for a continuance upon the ground that it was prejudicial and harmful to the defendant to be arraigned on three different offenses at the same time and required to plead thereto, all in the presence and hearing of the jurors who were to try him, they being thus informed of multiple charges of felonies against him. A colloquy ensued between the trial judge and counsel for the State and the defendant. The trial judge denied the motion and did not instruct the jury to disregard the other indictments against the defendant.

Code § 27-1301 provides that, "The cases on the criminal docket shall be called in the order in which they stand on the docket, unless the defendant be in jail, or otherwise in the sound discretion of the court." While, under this section of the Code, the trial judge is vested with a discretion as to the order in which

the cases upon the docket shall be called before him for trial, this section does not, as contended by the State, vest in the solicitor-general the right to arraign a defendant, read to him the indictment against him, require him to plead thereto, and, upon receiving the prisoner's plea of not guilty, thus forming the issue between the prisoner and the State, proceed further to read two more indictments against him involving different offenses, and receive pleas of not guilty thereto. Code § 27-1405 provides that, "If the prisoner, upon being arraigned, shall plea 'not guilty' . . . such arraignment and plea shall constitute the issue between the prisoner and the State." The solicitor-general in the instant case stated that he knew he could not have tried the defendant upon all three indictments without the defendant's consent, and clearly he could not; but it is contended that it is his duty to present all charges against the defendent in the event the defendant pleaded guilty, so as to dispose of all cases. But, under Code § 27-1405, supra, the defendant's plea of not guilty to the first indictment formed an issue to be tried by the jury, and it was the duty of the State to try him upon that issue alone without in effect announcing to the prospective jurors that there also existed other indictments against this defendant for other crimes. While "an indictment is a mere charge or accusation by a grand jury, and is no evidence of guilt" (*McCray* v. *State*, 134 *Ga.* 416, 425, 68 S. E. 62, 20 Ann. Cas. 101), the fact that a defendant is also under indictment for one or more other crimes than the one for which he is on trial would tend to impress upon the jury that he is more likely to be guilty in the case under consideration and thus to effectively deprive him of the right to enter upon his trial with the presumption of innocence in his favor. It would have been error to have permitted the other indictments to be introduced in evidence in the rape case, and it was error to read such indictments in the presence and hearing of the prospective jurors. In *Perdue* v. *State*, 135 *Ga.* 277, 281 (69 S. E. 184), it was stated: "If counsel was of the opinion that the remarks [of the court] . . . which it is insisted were prejudicial to the cause of his client were of such a character as to influence the minds of the jury prejudicially to the cause of the defendant, he should have moved for a postponement of the

case until other jurors could be empaneled to try the same, or, if the jury which actually tried the case had been empaneled and sworn in this particular case, a motion should have been made for a mistrial, and the judge's refusal to declare a mistrial or to postpone the trial until other jurors could be empaneled could have been made matter for exception." See also *Blackston* v. *State,* 209 *Ga.* 160 (1) (71 S. E. 2d 221). The defendant having received the death penalty in this case, it cannot be said that the error complained of in this special ground was harmless. We therefore hold that the trial court erred in denying the defendant's motion for a continuance.

2. Special ground 2 excepts to a remark of the trial judge made during a discussion as to the sequestration of witnesses when the rule was invoked by the State. The solicitor-general requested that the child's mother be permitted to remain in the courtroom with the child. The trial judge stated, "In allowing to let her stay in the room that this was a little unusual because of the age of the child and the strange surroundings of the courtroom, maybe the child should have the benefit of her mother's being present." Defendant's counsel objected to allowing the mother to stay in, and the solicitor-general agreed that the mother be excluded during the child's testimony, which was done, the child being the first witness and her mother the second. The contention is that this remark of the judge was "an expression or intimation on the part of the trial judge, magnifying the tender age of the child and prejudicing the free and impartial minds of the jury against movant's presumption of innocence." This ground fails to show that any objection was interposed to the remark of the judge or that a motion for mistrial was made, and the objection sought to be made cannot be raised for the first time in a motion for new trial. *Pulliam* v. *State,* 196 *Ga.* 782 (6), 790 (28 S. E. 2d 139); *Calhoun* v. *State,* 210 *Ga.* 180 (3) (78 S. E. 2d 425).

3. Grounds 3 and 5 except to the admission of testimony given by the two eight-year-old girls, the objection being that they were incompetent as witnesses because they did not comprehend the meaning and solemnity of an oath. Both of these witnesses were examined at length by the trial judge, the defend-

ant's counsel, and the solicitor-general, and both were declared by the trial judge to be qualified. Where the trial judge examines a child as to its understanding of the nature of an oath and determines that the child is competent to testify, his discretion, unless manifestly abused, will not be interfered with by this court. *Bell* v. *State,* 164 ·*Ga.* 292 (138 S. E. 238); *Gordon* v. *State,* 186 *Ga.* 615 (198 S. E. 678); *Askins* v. *State,* 210 *Ga.* 532, 535 (81 S. E. 2d 471). These grounds fail to show any abuse of discretion by the trial judge, and they are without merit.

4. During the trial the solicitor-general, in cross-examining a character witness of the defendant, asked the witness if he knew the defendant had "plead guilty to kidnaping a little girl on the 23rd of January of this year." A motion for mistrial was made on the ground that the question as asked was prejudicial to the defendant, and that the defendant had not pleaded guilty to the charge of kidnaping. Since the defendant in his statement to the jury related in detail the circumstances surrounding the kidnaping case, admitting fully his participation therein, and stating "I have made a statement on that case, I expect to get punished for that. I told the officers I'd get punished for it, I expected it," and since there were other witnesses who testified without objection that the defendant had admitted kidnaping the girl in question, it was not error for the court to deny the motion for mistrial. *Pierce* v. *State,* 212 *Ga.* 88(1) (90 S. E. 2d 417); *Hill* v. *State,* 201 *Ga.* 300(3) (39 S. E. 2d 675); *Vining* v. *State,* 80 *Ga. App.* 756, 758(3) (57 S. E. 2d 354). This ground is without merit.

5. When the State put up as its witness the girl whom the defendant had picked up in his car in January, 1957, the jury was retired so that she could be qualified. Defendant's counsel, "anticipating" the nature of her testimony, objected to allowing her to testify on the grounds that the transaction in which she was involved and as to which she would testify occurred subsequently to that for which the defendant was being tried, and did not show any similarity of motive, scheme or intent, so as to be admissible in the instant case. His objections were overruled, and the witness was questioned by the trial judge and by the attorneys as to her qualification, and was then declared to be

qualified. The jury was recalled, and the witness was examined and cross-examined as to the transaction which occurred in January, 1957. No objection was then offered to her testimony, nor were the previous objections renewed; but in the motion for new trial exception is taken for the first time to the witness's testimony given upon direct examination. If evidence is not objected to at the time it is admitted, its admission cannot be properly assigned as error in a motion for new trial. *Crosby* v. *Rogers,* 197 *Ga.* 616 (1) (30 S. E. 2d 248) ; *Smith* v. *State,* 192 *Ga.* 713 (2a) (16 S. E. 2d 543). The objections made by counsel for the defendant, as to the facts to which he anticipated the witness would testify, which objections were made before the witness was even qualified or sought to be examined, were premature and could not be considered as objections to her testimony subsequently given. Until testimony was actually elicited or sought to be elicited from the witness, no valid objection to either her testimony or the questions asked her could be made. Special ground 6 is without merit.

6. During the trial, the State introduced in evidence some automobile seat covers which had been found in the defendant's home. The seat covers were identified by the prosecutrix as having been in the defendant's car at the time he attacked her. The seat covers were admissible for purposes of identification, and the objections to their introduction as contained in special ground 7 are without merit.

7. Special ground 8 excepts to the refusal of the trial judge to permit the defendant to "pass around" to the jury a picture during the course of his statement. The nature of the picture does not appear. The trial judge instructed the defendant's counsel that, if the exhibit was pertinent, it could be introduced in the evidence in the proper manner. No effort to introduce the picture in evidence was made, but it is contended that the defendant's right to make a statement was abridged. A defendant in a criminal case cannot, under the guise of making a statement, put in evidence physical documents, such as letters, pictures, etc., without having them introduced in the regular and proper manner. If that which is sought to be exhibited to the jury is relevant to the issues on trial, it will be admitted as any other

relevant evidence is admitted, and if irrelevant it should be excluded. *Nero* v. *State,* 126 *Ga.* 554 (55 S. E. 404); *Montross* v. *State,* 72 *Ga.* 261 (53 Am. R. 840); *Allen* v. *State,* 150 *Ga.* 706 (105 S. E. 369). This ground is without merit.

8. Special ground 9 excepts to the court's charge upon reasonable doubt, as being confusing and misleading to the jury and as failing to state other principles of law in connection therewith. A charge on reasonable doubt in almost the identical language as that excepted to here was approved in *Connell* v. *State,* 153 *Ga.* 151(2) (111 S. E. 545), and followed in *Williams* v. *State,* 210 *Ga.* 207 (1) (78 S. E. 2d 521). The exceptions to the charge given as being confusing and misleading to the jury and as failing to state some other principles of law are without merit. *Jackson* v. *State,* 134 *Ga.* 473(3) (68 S. E. 71); *Chappell* v. *State,* 209 *Ga.* 701(2), 705 (75 S. E. 2d 417); *Wheeler* v. *State,* 179 *Ga.* 287, 288(3) (175 S. E. 540).

9. Ground 10 of the amended motion complains of an excerpt from the charge, which charged in effect that, if the jury believed "beyond a reasonable doubt" that the defendant had committed the act charged, they would be authorized to convict him, the contention being that the court should have charged that, "if [the jury] believe from the evidence and defendant's statement beyond a reasonable doubt" that he was guilty, then they would be authorized to convict. The defendant contends that, because of the ommission of the words "from the evidence and defendant's statement," the jury was left to its own conjecture and belief outside the evidence adduced upon the trial. Previously, the judge had charged accurately and fully upon what constituted a reasonable doubt, and he was not required to thereafter redefine the term "reasonable doubt" whenever that term was used in his charge. It is further contended in this ground that the excerpt complained of was inapplicable to the facts and evidence on the trial, was contradictory to other portions of the court's charge, and was tantamount to a verdict of guilty, but how or wherein this excerpt is thus objectionable is not shown. This ground is not meritorious.

10. The general grounds of the motion for new trial are without merit.

490

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who concurs in the judgment of reversal, but dissents from the ruling in division 4 of the opinion.*