## 30767. COOPER et al. v. THE STATE.

HILL, Justice.

Willie Cooper and Calvin Walton were tried jointly and found guilty of armed robbery. They appeal their convictions and subsequent seventeen-year sentences, enumerating as error the failure of the court to charge the jury on the defense of alibi and their identification at trial

by two eyewitnesses.

The state's evidence showed that during the late afternoon of March 10, 1975, a female clerk in a convenience store in Gwinnett County saw three black males in an area of the store that was reserved for employees only. After buying snacks and soft drinks, they left the store.

That night one of them, later identified as defendant Cooper, came in again and asked the clerk about a truck parked outside. She was on the telephone at the time talking to her mother, and after he left she asked her mother to call the police.

Shortly thereafter the three men came back into the store and one of them asked for a pack of cigarettes. She reached behind her to get them and as she turned around one of the men, later identified as defendant Walton, pointed a gun at her. She was directed to give them the money out of the cash register, which she did. They locked her in the bathroom and left.

At about 8 p.m., a man who lived near the store and who was on his way to his office noticed a car with an out-of-state license plate parked on the wrong side of the road near the convenience store. As he drove by, the lights on the parked car went off. He stopped at the convenience store to use the phone to report the suspicious vehicle to the police. He returned to his car and as he passed the parked car again he saw no one in it. Returning to the convenience store he saw three black males standing outside. He noticed shiny sequins or studs on the clothing of one of them. Once again, he circled around to the place where the dark green Chevrolet with the out-of-state license plate was parked. By the headlights of his car he observed three black males come up the hill from the store, get in the car and drive off. Almost immediately a police car arrived. The witness waved the policeman to a stop and pointed out the direction the Chevrolet had taken.

About 2 miles away the policeman stopped a green Chevrolet with out-of-state tags containing three black males, one of whom had studs on his clothes. The three men were taken to the convenience store and were lined up outside. The clerk positively identified Calvin Walton

as the man wearing the studs and holding the gun during the robbery. She was unable to identify either of the other two. The neighbor identified all three men.

A week before trial, an assistant district attorney showed the convenience store employee pictures of Walton, Cooper and a third man. She positively identified all three. The clerk and the neighbor both identified the defendants in court.

The defense consisted of two witnesses — the defendants. They testified that they were together from three o'clock that afternoon, first in Atlanta and then in Buford visiting Cooper's brother until about 8 p.m. They explained their presence in the vicinity by saying that they were headed from Buford to a motel where one of them was staying and that they had made a wrong turn. The defendants testified that before being arrested they had never seen the clerk and had never been in the store.

1. Defendants urge that the in-court identifications by the two witnesses were inadmissible due to being tainted by suggestive prior identifications by show-up and by photographs.

The resolution of this issue involves consideration of the totality of the circumstances. Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); Heyward v. State, 236 Ga. 526 (1) (1976).

Without burdening this opinion with examination of the totality of the circumstances, suffice it to say that we have considered the circumstances in their totality and find this enumeration of error to be without merit. Code v. State, 234 Ga. 90 (214 SE2d 873) (1975); Sherwin v. State, 234 Ga. 592 (216 SE2d 810) (1975); Dagenhart v. State, 234 Ga. 809 (218 SE2d 607) (1975).

2. Defense counsel made no request to charge on alibi, and the trial court did not charge on alibi. On appeal defendants' appellate counsel (not the same as their trial counsel) urges that the failure to charge on alibi is reversible error.

In Jones v. State, 235 Ga. 103 (6) (218 SE2d 899) (1975), this court quoted from Dale v. State, 88 Ga. 552 (6) (15 SE 287) (1892), as follows: "Where the question of personal identity and the fact of alibi are virtually the same defense, the omission of the court to instruct

separately on alibi is not error." See also *Staton v. State,* 174 Ga. 719 (163 SE 901) (1932).

In the case before us, personal identity (see Division 1) and alibi are virtually the same defense. The jury found against the defendants as to the defense of identity. Hence the omission of the court to instruct separately on alibi, without request, did not affect the outcome of the case and was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 29, 1976 — DECIDED JULY 8, 1976 — REHEARING DENIED JULY 20, 1976.

*Bishop & Sexton, J. Douglas Sexton,* for appellants.
*Bryant Huff, District Attorney, Dawson Jackson, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd,* for appellee.