## 61597. THRASH v. THE STATE.

BANKE, Judge.

The appellant was convicted of the offense of criminal damage to property in the first degree upon an indictment charging him with shooting into a home in a manner so as to endanger human life. After the jury had been selected but before the trial had begun, one of the defense witnesses present for the trial reported that he had overheard someone say that he had been sworn as a juror in a case where the accused had just been tried for arson. The appellant had in fact been acquitted of an arson charge after a jury trial held the previous day. The defense attorney offered to bring in the person suspected of making the comment, but the trial court rejected this offer, stating that the witness could view the jury during the trial to determine if the person he had overheard was in fact a member of the jury. After the verdict was returned, a separate hearing was held at which the juror was identified and examined. He testified that he had heard not only that the appellant had been tried but that he had been found *guilty* of that charge. He was unable to state how he came by this information but stated that it was known to other jurors also. He nevertheless swore that his verdict was based solely on the evidence presented at the trial and that until hearing that evidence he had neither formed nor expressed an opinion concerning the guilt or innocence of the appellant. The trial court declined to grant the

motion for mistrial. *Held:*

1. "While 'an indictment is a mere charge or accusation by a grand jury, and is no evidence of guilt' (*McCray v. State,* 134 Ga. 416 ...), the fact that a defendant is also under indictment for one or more other crimes than the one for which he is on trial would tend to impress upon the jury that he is more likely to be guilty in the case under consideration and thus to effectively deprive him of the right to enter upon his trial with the presumption of innocence in his favor." *Sides v. State,* 213 Ga. 482, 485 (99 SE2d 884) (1957). "It is also axiomatic that the defendant in any criminal case — indeed, all parties in all cases — are entitled to a fair trial, and that the injection into the case of any matter not properly before the jury and which may influence the outcome of the case one way or another is error." *Poole v. State,* 100 Ga. App. 380, 383 (111 SE2d 265) (1959).

The probability of such an influence in this case is extreme. Although the state's case was strong, the jury's knowledge that appellant had been indicted for arson and their belief that he had been convicted could not have helped but influence their verdict. The fact that the jury was deadlocked after almost seven hours of deliberation and reached their verdict after an overnight recess and an "Allen" charge adds to the appearance of prejudice. We accordingly hold that the court's failure to grant the motion for mistrial constituted reversible error. The fact that the juror gave qualifying answers to the usual questions does not require a different result. See *Lingerfelt v. State,* 147 Ga. App. 371 (1) (249 SE2d 100) (1978).

2. The appellant also assigns as error the court's ruling concerning the admissibility of a rifle and three bullets, as well as certain pretrial statements made by him. We have carefully considered these enumerations and find them to be without merit.

Appellant's other enumerations of error are either without merit or unlikely to occur on retrial of the case.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

Decided March 20, 1981.

*Ken Gordon,* for appellant.

*Arthur E. Mallory III, District Attorney, Marc E. Acree, Gerald S. Stovall, Assistant District Attorneys,* for appellee.