63154, 63155. NEWBY v. THE STATE (two cases).

POPE, Judge.·
Michael Delmar Newby was indicted on three counts of armed robbery (Counts I, VI and VII), two counts of aggravated sodomy (Counts IV and V), one count of rape (Count III), and one count of aggravated assault (Count II). Following severance of Counts I, II and VII defendant was tried on Counts III, IV, V and VI (Case No. 63155) and was convicted of one count of aggravated sodomy, rape and robbery by intimidation; he was acquitted on the other count ·of aggravated sodomy. While the jury was considering their verdict in this case, defendant was tried on Count I (Case No. 63154) and found guilty of armed robbery. Counts II and VII have been ordered nolle prosequi. Defendant brings these appeals from his convictions and the denial of his motions for new trial in both cases.

*Case No. 63155*

1. Defendant first enumerates as error the trial court's overruling his motion to suppress certain physical evidence. This evidence was obtained pursuant to a search warrant from his room in a rooming house located at 2059 East Drive in Decatur. Defendant contends that the subject warrant was invalid because it authorized

the search of the entire house and thus was an impermissible general warrant.

The search warrant in this case was issued for the person of defendant and the premises known as 2059 East Drive, Decatur, DeKalb County, Georgia. The items listed on the warrant were certain articles of clothing and a chrome pistol. The warrant provided that it was "requested for the above residence where Michael Newby rents a room." The evidence of record shows that the defendant was arrested at the subject premises and thereafter incarcerated. At the time of the arrest the officers discovered that defendant only rented one room and that the subject premises was a rooming house. When the officers subsequently executed the search warrant at the rooming house, only defendant's room was searched.

"To be valid a search warrant must contain a description of the person and premises to be searched with such particularity as to enable a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty, without depending upon his discretion." *Jones v. State,* 126 Ga. App. 841, 842 (192 SE2d 171) (1972). The search warrant in this case meets the foregoing test. The case at bar is factually distinguishable from the two cases cited by defendant in support of this enumeration, *Jones v. State,* supra, and *Miller v. State,* 126 Ga. App. 847 (2) (191 SE2d 883) (1972). In both of these cases the search warrants were found to have insufficiently described the areas to be searched in premises which were not discovered to have been multiple dwelling units until after the search had begun. In our view, the premises described in the search warrant in this case were sufficiently definite to enable the officers who executed the warrant to determine with reasonable certainty the area to be searched, viz., the room occupied by the defendant. See *Tomblin v. State,* 128 Ga. App. 823 (5) (198 SE2d 366) (1973).

2. In his second enumeration of error defendant contends that the trial court erred in denying his motion to represent himself. Following the testimony of the victim, the following colloquy transpired between the trial court, counsel for defendant and the defendant himself: "MR. SCHNEIDER: Your Honor, I believe the Defendant wants me relieved from his case. He doesn't like me anymore. THE COURT: I'm afraid the Defendant is out of luck, and he is going to have to proceed as he is. MR. SCHNEIDER: He does want to make a motion he wants to represent himself. THE COURT: Do you want to represent yourself? THE DEFENDANT: I want to relieve Mr. Schneider . . . I respectfully request you accept my demand to release Mr. Schneider. THE COURT: You want to file that in the form of a motion, you want to put it in the record? THE

DEFENDANT: I would like to say it verbally. THE COURT: What he says is he wants to relieve Mr. Schneider as his attorney because of his irresponsibility and his neglect of his case, and what else? THE DEFENDANT: And I feel my privilege is being . . . I feel my freedom is being jeopardized. THE COURT: He feels his freedom is being jeopardized on Mr. Schneider's incompetence with the Defendant. THE DEFENDANT: With his illogic. THE COURT: For his illogic judicial decisions. All right, your motion, if it is a motion, is denied, and Mr. Schneider will continue to represent you."

The record does not support defendant's contention on appeal that he wished to represent himself. Rather, the foregoing colloquy discloses that defendant was simply dissatisfied with his court-appointed counsel's conduct of the trial to that point and wanted him replaced. This view is buttressed by defendant's decision on the preceding day not to be denominated as co-counsel in this case.

"A criminal defendant does have a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. [Cits.] However, an indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court." *Burney v. State,* 244 Ga. 33, 35 (257 SE2d 543) (1979), cert. den. Burney v. Georgia, 444 U. S. 970 (1979); see also *Loomis v. State,* 78 Ga. App. 153 (6) (51 SE2d 13) (1948). We conclude that the trial court did not abuse its discretion in this case.

3. Appellant's third enumeration cites as error the trial court's failure to charge the jury on the defense of alibi. The record discloses that defendant requested a charge on the law relating to personal identity and that this instruction was included in the trial court's charge to the jury. The record does not disclose any request by the defendant for a charge on the law relating to alibi and no such charge was given to the jury.

The victim testifed that the defendant was the perpetrator of the crimes committed against her. The defendant testified that he was at home at the time the crimes were committed. "Where the defense of alibi and the question of personal identity are virtually the same defense, the omission of the court to instruct separately on alibi is not error. *Cooper v. State,* 237 Ga. 288 (2) (227 SE2d 745) (1976); *Jones v. State,* 235 Ga. 103 (6) (218 SE2d 899) (1975). The trial judge did charge on the law of identification. Hence the omission of the court to instruct separately on alibi, without request, did not affect the outcome of the case and was not error." *Herring v. State,* 238 Ga. 288, 289 (232 SE2d 826) (1977).

## Case No. 63154

4. Defendant was placed on trial in this case immediately following the conclusion of the foregoing trial. He enumerates as error the trial court's failure to take "corrective action" in regard to the jury panel and by placing him on trial before jurors who had in part been subjected to the voir dire on the previous case against him and had, in some cases, been stricken by him from the previous jury. The record shows that defendant orally raised his objection to the jury panel prior to the panel being put on him. Following a discussion of this matter, the trial court acceded to defendant's request to first call a group of jurors who had not been put on him in the previous case before calling any who had. The voir dire in this case was not recorded. After the jury had been selected, defendant renewed his objection. He specifically complained that two of the jurors seated in this case had been present during the voir dire of the previous case, one of these having been stricken by defendant in that case. Defendant stated that he had no choice but to take a juror whom he had stricken in the previous case because he had already used 18 of his 20 peremptory strikes when this juror was put on him and the next two jurors had also been stricken by him in the previous case. Nevertheless, the trial court again refused to disqualify the jury.

In *Sides v. State,* 213 Ga. 482 (99 SE2d 884) (1957), the district attorney arraigned the defendant for rape, molesting a minor and kidnapping. This entire proceeding took place in the courtroom, in the presence of the jurors who were to subsequently try the defendant for rape, and before the jury had been empaneled and sworn. Our Supreme Court held: "While 'an indictment is a mere charge or accusation by a grand jury, and is no evidence of guilt' (*McCray v. State,* 134 Ga. 416, 425 . . .), the fact that a defendant is also under indictment for one or more other crimes than the one for which he is on trial would tend to impress upon the jury that he is more likely to be guilty in the case under consideration and thus to effectively deprive him of the right to enter upon his trial with the presumption of innocence in his favor. It would have been error to have permitted the other indictments to be introduced in evidence in the rape case, and it was error to read such indictments in the presence and hearing of the prospective jurors." *Sides,* supra at 485. The trial court was held to have erred in denying defendant's motion for continuance. In the recent case of *Thrash v. State,* 158 Ga. App. 94 (1) (283 SE2d 611) (1981), this court applied the rationale of *Sides* to a situation in which several of the jurors knew that the defendant had been indicted for arson and believed, incorrectly, that he had been convicted; he had in fact been acquitted of the arson charge on the previous day. The trial

court was held to have erred in denying defendant's motion for a mistrial.

Applying the rationale in *Sides* and *Thrash* to the facts of the case at bar, we conclude that defendant had a right to be tried before a jury which had no knowledge of his indictment on other charges not at issue in this case. However, on the basis of the record before us, we are unable to ascertain whether the entire panel of jurors put on defendant in this case had knowledge of his indictment and earlier trial on other charges. The procedure for selecting a jury in this case (and we assume in the previous case) was to bring potential jurors into the courtroom in groups of 12, two groups at a time until a jury had been struck. The record indicates that at least part of the panel put on the defendant in this case had no knowledge of his indictment and earlier trial on other charges. In fact, when defendant renewed his objection, after the jury in this case had been struck, he cited only two jurors who had actually been present during the voir dire of the previous case. Unlike *Sides* wherein the entire panel had become disqualified and unlike *Thrash* wherein evidence of the jurors' disqualification was not discovered until *after* the jury had been selected, there is no evidence of record in the case at bar that either the entire panel was disqualified or that defendant discovered the disqualification only after the jury had been selected. We conclude, therefore, that defendant's remedy in this case was to challenge any disqualified juror for cause. See generally *Mitchell v. State,* 69 Ga. App. 771 (3) (26 SE2d 663) (1943).

There is no evidence in the record of this case that defendant challenged either of the two alleged disqualified jurors, or any member of the jury panel, for cause. Generally speaking, challenges are of two types — challenges to the array and challenges to the polls. Defendant's objection in this case, although made orally (see Code Ann. § 59-803), was "... in the nature of a challenge to the array; and this is not the proper method of raising the question of the disqualification of individual jurors. 'It is possible that a challenge to the array would be overruled where the entire panel was composed of persons who would be subject to challenge to the polls; and, on the other hand, a panel made up of jurors not subject to any challenge to the polls might be set aside on a challenge to the array. A challenge to the array goes to the form and manner of making up the panel, without regard to the objections to the individual jurors which compose it; while the challenge to the poll is directed solely to an objection which is inherent in the individual juror.' *Humphries v. State,* 100 Ga. 260, 262 (28 SE 25) [(1896)].

"If the panel here objected to contained any jurors who were subject to challenge for cause, the proper method of objecting to such

jurors would have been to make challenges to the polls. If the manner of the challenges was good at all it would not set aside the panel, but would be available only by challenges to the polls — to each individual juror by name — for cause." *Hagans v. State,* 77 Ga. App. 513, 515 (48 SE2d 700) (1948); *Fields v. State,* 190 Ga. 642 (2) (10 SE2d 33) (1940); *Blackman v. State,* 80 Ga. 785 (2) (7 SE 626) (1888), overruled on other grounds, *Corbin v. State,* 211 Ga. 400 (3) (86 SE2d 221) (1955).

When jurors are qualified under their oaths in response to the statutory questions on voir dire, they are rendered prima facie competent. *Anderson v. State,* 72 Ga. App. 487 (2) (34 SE2d 110) (1945); see also *Mathis v. State,* 222 Ga. 351 (1) (149 SE2d 812) (1966). Where the defendant as in this case has failed to challenge any individual juror for cause, he is not entitled to a new trial solely on the basis that one or more members of his jury may have been subject to disqualification. See *Hyde v. State,* 196 Ga. 475 (3) (26 SE2d 744) (1943); *Bradberry v. State,* 170 Ga. 870 (4) (154 SE 351) (1930); *Anthony v. State,* 112 Ga. App. 444 (1) (145 SE2d 657) (1965).

5. Although this case (Case No. 63154) was tried subsequent to the previous case (Case No. 63155), the jury in this case rendered its verdict first, and the defendant was given the maximum sentence of life imprisonment. See *Parrish v. State,* 160 Ga. App. 601 (7) (287 SE2d 603) (1981). Prior to sentence being passed in this case, counsel for defendant noted to the trial court that no verdict had been rendered in the earlier case and asked the trial court as much as possible "to ignore the other charges pending against him and sentence him as you would any person who was the first offense armed robber." The trial court responded, "I don't believe I could do that, because I heard the evidence in the other case." Defendant contends that because he had not yet been convicted in the earlier case, the trial court was precluded from considering the evidence in that case when passing sentence in this case. We agree.

"This court fully appreciates the dilemma in which a trial court finds itself in imposing sentence following a trial [which had in turn followed a previous trial of the same defendant where no verdict had yet been rendered]. It is entirely reasonable, proper and necessary in rational sentencing for the trial court to look to the circumstances and context in which the offense was committed, but a sentence based in part upon articulated consideration of other offenses, as yet untried, amounts to prescribing punishment for conduct for which there has been no conviction." *Minis v. State,* 150 Ga. App. 671, 675 (258 SE2d 308) (1979); *Richards v. State,* 157 Ga. App. 601 (2) (278 SE2d 63) (1981); *Cottros v. State,* 154 Ga. App. 243 (268 SE2d 355) (1980).

"Normally, a sentence fixed in the exercise of discretion within statutory limits will not be disturbed on appeal, and we express no opinion on the propriety of the particular sentence imposed on the [defendant] in this case. But for the foregoing reasons we find it necessary to remand for resentencing." *Minis,* supra at 676.

*Judgment affirmed in Case No. 63155; judgment affirmed in part and remanded for resentencing in Case No. 63154. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 9, 1982 —
REHEARING DENIED MARCH 25, 1982 — 

Lawrence L. Schneider, for appellant.
Robert Wilson, District Attorney, Susan Brooks, Assistant District Attorney, for appellee.