## 52190. MERRITT v. THE STATE.

MARSHALL, Judge.

This is an appeal from a conviction of robbery by force. Appellant was sentenced under the Youthful Offender Act. Appellant enumerates two errors, both of which deal with the charge of the trial court. *Held:*

1. In his first enumeration, appellant complains the trial court erred in refusing to charge on the lesser

offense of theft by taking. The evidence shows the victim was a 16-year-old high school student. The appellant accosted the victim on a sidewalk at a time when the only persons present were the appellant, the victim and the victim's school companion. When walking past, appellant seized the victim by the arm and stopped the victim's forward progress. Though appellant momentarily released the victim, he again grabbed the victim by the arm, turned the victim around and while holding the victim by the forearm unbuckled a wrist watch and took it without permission. The victim stated he was both stunned and afraid that appellant might be armed. The victim did not actively resist. Though appellant offered no evidence, it was obvious by his cross examination that his sole defense was lack of credible identification.

Appellant asserts that there is insufficient evidence of force, consequently the lesser offense of theft by taking was raised. *Hinton v. State,* 127 Ga. App. 108 (192 SE2d 717); *Baker v. State,* 127 Ga. App. 99, 101 (192 SE2d 558). Force implies actual personal violence, a struggle and personal outrage. While in the present case there was no struggle by the victim, there was personal violence, and a personal outrage within the meaning of the law. *Moran v. State,* 125 Ga. 33, 34. It avails appellant nothing if the person robbed makes no resistance. It is not necessary to show a suggestion of force or violence on the part of a person robbed. Such a requirement merely increases the risk of harm to the victim. The force which differentiates robbery from larceny from the person is the force employed by the criminal. It is that force that differentiates the bolder lawbreaker from the sneak thief. *Moran v. State,* supra. In this case there was more than a mere removal or snatching of a wrist watch. In addition there was sufficient force to stop a walking person and spin the victim to face the opposite direction. We believe the degree of force employed by the appellant was sufficient to characterize the act as robbery. *Smith v. State,* 117 Ga. 320, 323 (43 SE 736); *Thomas v. State,* 54 Ga. App. 747, 749 (189 SE 68).

In addition to concluding that the evidence established a forcible taking of the victim's wrist watch, we note appellant did not deny the taking of the watch

or the use of force, however slight. He only questioned his identity as the malefactor. Thus there was no evidence of conduct which could be interpreted as a theft by taking. The trial court, therefore, did not err in failing to charge it. *Hill v. State,* 229 Ga. 307 (191 SE2d 58); *Hensley v. State,* 228 Ga. 501 (186 SE2d 729); *Dutton v. State,* 228 Ga. 850 (188 SE2d 794); *Nuckles v. State,* 137 Ga. App. 200 (6) (223 SE2d 245); *King v. State,* 127 Ga. App. 83 (192 SE2d 392).

2. In his second enumeration, appellant contends the court's definition of "force" in its charge on the offense of robbery was prejudicially inadequate. The trial court defined "force" in language that long has been judicially recognized as correctly stating a general principle of law. *Barksdale v. State,* 24 Ga. App. 115 (2) (100 SE 45); *Henderson v. State,* 209 Ga. 72, 74 (70 SE2d 713); *Walker v. State,* 225 Ga. 734 (2) (171 SE2d 290). If appellant desired a more specific charge as to that phase of his defense, it should have been made the subject of an appropriate written request. *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 687). In the absence of such a request for elaboration of the correct statement of general law, a failure to define further the concept of force does not constitute error. *McFarland v. State,* 109 Ga. App. 688 (137 SE2d 308).

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED MAY 4, 1976 — DECIDED JUNE 11, 1976 — REHEARING DENIED JUNE 28, 1976.

*Jack H. Affleck,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.