## 56079. LOCKETT v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for robbery by force, and the indictment contained information therein that the defendant was a recidivist. Defendant was convicted and sentenced to serve 20 years in the penitentiary. A motion for new trial as later amended was filed and denied after a hearing, and defendant appeals. *Held:*

1. Defendant contends the evidence was insufficient to convict him of robbery by force. However, the evidence shows he forcibly took money from the hands of a waitress and then pushed her away from a cash register where he seized other money belonging to the owner of the restaurant. Clearly, there was sufficient evidence of force.

See *Merritt v. State,* 139 Ga. App. 171, 172 (228 SE2d 149); *Smith v. State,* 117 Ga. 320, 323 (43 SE 736); *Thomas v. State,* 54 Ga. App. 747, 749 (189 SE 68).

2. Two of the witnesses against the defendant were waitresses in the restaurant. Defendant contends that the line-up procedure wherein these two witnesses identified the defendant was violative of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution in that same was unnecessarily suggestive and conducive to irreparable mistaken identification. There was nothing to indicate that same was improper or unduly suggestive nor that their testimony was in any way tainted by the line-up procedure. These witnesses stated that their in-court positive identifications were based solely on their recollection of the robbery, independent of the line-up. *Code v. State,* 234 Ga. 90 (214 SE2d 873); *Cooper v. State,* 237 Ga. 288, 290 (1) (227 SE2d 745); *Lockett v. State,* 143 Ga. App. 629 (1) (239 SE2d 238).

3. The trial court did not err in preventing the defendant from cross examining the witness with reference to inadmissible hearsay information as to "street talk," with reference to some other person known as "Charlie Fox."

4. The trial court did not err in its instructions to the jury with reference to impeachment. There was no written request in regard thereto, and the charge as given was ample. In the absence of a request for a fuller charge on impeachment of witnesses the charge as given was sufficient. See *Joyner v. State,* 208 Ga. 435 (1) (67 SE2d 221); *Tanner v. State,* 228 Ga. 829, 833 (8) (188 SE2d 512); *Smith v. State,* 236 Ga. 5, 10 (7) (222 SE2d 357). Nor was there special emphasis given to the instruction as to the credibility of the witnesses since the mere repetition of a principle of law, even if unnecessary, will not work a reversal unless it appears from the charge as a whole that there was undue emphasis so as to result in an unfair statement of the law in relation to the defendant's rights. *Baker v. State,* 88 Ga. App. 894 (1), 895 (78 SE2d 357).

5. Defendant requested a charge on the lesser included offense of theft by taking. The court did charge with reference to theft by taking. The court fully described

same to be one with all the elements of the offense of robbery except the use of force and instructed jury that if the element of force is lacking or that the state has not shown the element of force to a reasonable and moral certainty and beyond a reasonable doubt then you would be authorized to convict the defendant of an offense no greater than theft by taking. The charge as given was ample to cover the request as to the lesser included offense of theft by taking. *Quaid v. State,* 132 Ga. App. 478, 488 (6) (208 SE2d 336); *Campbell v. State,* 231 Ga. 69 (4), 79 (200 SE2d 690).

6. Having considered each and every enumeration of error argued by the defendant in his brief and finding no reversible error, we must affirm.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JULY 10, 1978 — DECIDED SEPTEMBER 6, 1978.

*Hubert E. Hamilton, III,* for appellant.

*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.