## A97A1798. LOCKLIN v. THE STATE.
### (492 SE2d 712)

POPE, Presiding Judge.

A Fulton County jury convicted Vernico Locklin of robbery by force. We find the evidence sufficient but must reverse the conviction because Locklin was not present during a recharge the trial court gave in response to the jury's question.

1. We apply the principles set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to Locklin's challenges to the sufficiency of the evidence. Construed in favor of the verdict, the evidence showed Locklin, a cook at a fast-food restaurant, told the cashier he planned to take money from the cash register. The cashier, a small woman, was in charge of the register and was personally responsible for any money missing from it. When she expressed surprise at Locklin's plans, the much larger Locklin grabbed her arm, moved her out of the way, took money from the register, and left the store. Locklin admitted taking the money from the register but denied using force against the cashier.

(a) Locklin first claims the State failed to prove the allegations of

the indictment that he forcibly took money "from the person *and* immediate presence" of the cashier. This claim has no merit. OCGA § 16-8-40 (a) (1) allows the State to prove robbery by force upon a showing that the defendant, "with intent to commit theft, . . . [took] property of another from the person *or* the immediate presence of another . . . [b]y use of force." (Emphasis supplied.) When an indictment alleges that a crime was committed in more than one of the separate ways specified by the statute, the State need only prove the crime was committed in one of those separate ways. *Stander v. State,* 226 Ga. App. 495, 497 (1) (486 SE2d 712) (1997); see also *Hathcock v. State,* 214 Ga. App. 188, 190 (4) (447 SE2d 104) (1994). The evidence presented allowed the jury to find, beyond a reasonable doubt, that Locklin took the cash from the register in the cashier's immediate presence.

(b) Locklin also contends the evidence does not support a finding that he used force against the cashier. In support of his argument, he cites the cashier's testimony that she did not resist him or try to prevent him from taking the money. But "[i]t is not necessary to show a suggestion of force or violence on the part of a person robbed. . . . The force which differentiates robbery from [theft by taking] is the force employed by the criminal. . . ." *Merritt v. State,* 139 Ga. App. 171, 172 (1) (228 SE2d 149) (1976). Here, the jury could conclude beyond a reasonable doubt that Locklin used sufficient physical force to move the victim out of his way and to allow him to enter the cash register. The State's evidence was sufficient to support the verdict. See *Lockett v. State,* 147 Ga. App. 102 (1) (248 SE2d 177) (1978) (defendant forcibly took money from victim's hand and pushed her away from cash register, from which he took additional money); *Merritt,* 139 Ga. App. at 172 (2) (defendant exerted enough force to stop pedestrian victim and spin him around).

2. Locklin seeks a new trial because he was not present when the trial court recharged the jury in response to a question regarding the robbery statute's "force" requirement. Under the circumstances of this case, we are constrained to agree with Locklin's argument. "The rule is well established in this state, that the defendant on trial must be present when the court takes any action materially affecting his case." (Citation and punctuation omitted.) *Collins v. State,* 191 Ga. App. 289, 290 (2) (381 SE2d 430) (1989). This Court has held that recharges and colloquies between the court and jury are such "critical" portions of the trial. Id. at 290-291 (recharge); *Seay v. State,* 111 Ga. App. 22, 25 (3) (140 SE2d 283) (1965) (colloquy). Here, the recharge contained substantive additional instructions not included in the court's original charge. Compare *Scott v. State,* 219 Ga. App. 798, 799 (2) (466 SE2d 678) (1996), finding no error where the court responded to jurors' questions in defendant's absence but gave jurors

no substantive information. The record shows Locklin was not present during the recharge. Compare *Hollis v. State*, 201 Ga. App. 224 (1) (411 SE2d 48) (1991), in which the record did not establish the defendant's absence. Although Locklin's counsel was present during the recharge and did not object to his client's absence until after the jury rendered its verdict, "[a] defendant's right to be present during all phases of the trial is guaranteed by our [state] constitution and counsel's ability to waive it is limited. . . . [S]uch right can be waived where done so by his attorney in the defendant's presence, by the defendant's express authority, or by subsequent acquiesence of the defendant." (Citation and punctuation omitted.) *Stewart v. State*, 210 Ga. App. 474 (1) (436 SE2d 679) (1993). See Ga. Const. 1983, Art. I, Sec. I, Par. XII. Nothing in the record shows Locklin acquiesced in the waiver or gave his attorney permission to waive his presence. Compare *Parker v. State*, 220 Ga. App. 303, 311-312 (12) (469 SE2d 410) (1996), in which the record established that counsel told the defendant of proceedings which occurred in his absence, and the defendant's failure to object at that time allowed this Court to find the defendant acquiesced in the waiver. Therefore, despite the attorney's failure to raise this issue until after the jury returned its verdict, we must reverse the conviction. See *Goodroe v. State*, 224 Ga. App. 378, 380-381 (1) (480 SE2d 378) (1997); *Seay*, 111 Ga. App. at 25.

3. Our disposition of this case makes it unnecessary to review Locklin's remaining enumerations.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 2, 1997.

*John R. Mayer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Juliette O. W. Scales, Assistant District Attorney*, for appellee.