S08A0662. PETERSON v. THE STATE.
(663 SE2d 164)

SEARS, Chief Justice.

In 1998, a Houston County jury convicted Martin Daniel Peterson of the malice murder of Nina Albright, his live-in girlfriend and mother to his infant daughter. The trial court sentenced Peterson to life in prison, and he appealed. In 2001, we affirmed Peterson's conviction and sentence in all respects but one and remanded the case to the trial court for the limited purpose of considering his claim of ineffective assistance of trial counsel.[1] The trial court conducted an evidentiary hearing after which it rejected Peterson's ineffective assistance of counsel claim and denied his motion for new trial.

---

[1] *Peterson v. State*, 274 Ga. 165, 172 (549 SE2d 387) (2001).

Peterson appealed the denial of the new trial motion.[2] For the reasons that follow, we affirm.

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[3] In a similar vein, the Georgia Constitution of 1983 provides that "[e]very person charged with an offense against the laws of this state shall have the privilege and benefit of counsel."[4] Ineffective assistance of counsel claims are generally evaluated under the two-part deficient performance and resulting prejudice test announced by the United States Supreme Court in *Strickland v. Washington*.[5]

In order to prevail on his claim of ineffective assistance of trial counsel on remand, Peterson was required to show both that: (1) his counsel's performance was professionally deficient; and (2) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been more favorable to him.[6] In reviewing an ineffective assistance of counsel claim, " 'this Court need not analyze the deficient performance prong if [we] determine[ ] the prejudice prong has not been satisfied.' "[7] Moreover, as this Court has repeatedly recognized, mere "[s]peculation is insufficient to satisfy the prejudice prong of *Strickland*."[8]

Peterson claims his trial counsel's performance was prejudicially unprofessional in three respects. First, he contends trial counsel

---

[2] The notice of appeal from the order denying the new trial motion after remand from this Court was filed one day late, on November 29, 2001. It took the court reporter an inexplicable six years to transcribe the 64-page transcript of the hearing. She finally filed it in the trial court on October 16, 2007, and the record, which contained Peterson's notice of appeal, arrived at this Court the following month. On November 21, 2007, this Court entered an order dismissing the appeal as untimely but instructing Peterson on how to obtain permission to file an out-of-time appeal. The trial court granted Peterson's motion for permission to pursue an out-of-time appeal five days later, and Peterson then filed a timely notice of appeal on November 29, 2007. The case was docketed in this Court on December 28, 2007, and submitted for decision on the briefs on February 18, 2008.

[3] U. S. Const. Amend. VI.

[4] Ga. Const. Art. I, Sec. I, Par. XIV.

[5] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (2004). See *Florida v. Nixon*, 543 U. S. 175, 178, 190 (125 SC 551, 160 LE2d 565) (2004); *Bell v. Cone*, 535 U. S. 685, 695 (122 SC 1843, 152 LE2d 914) (2002).

[6] *Strickland*, supra, 466 U. S. at 687-696; *Jones v. State*, 279 Ga. 854, 855 (622 SE2d 1) (2005).

[7] *Jackson v. State*, 282 Ga. 494, 497 (651 SE2d 702) (2007) (quoting *Fortson v. State*, 280 Ga. 435, 436 (629 SE2d 798) (2006)).

[8] *Cormier v. State*, 277 Ga. 607, 608 (592 SE2d 841) (2004). See *Strickland*, supra, 466 U. S. at 693 ("Conflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant *affirmatively prove* prejudice. . . . Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. . . . Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they *actually had an adverse effect* on the defense.") (emphasis supplied).

failed to adequately investigate the facts and interview witnesses for the State and the defense. Second, he alleges counsel failed to properly consult with and advise him prior to and during the trial. Finally, he cites his attorney's failure to object to a juror's remaining on the panel after a brief encounter with one of the State's witnesses and his failure to insist that Peterson be allowed to personally participate in the in-chambers hearing on the issue.

The trial court's findings of fact, which are amply supported by evidence in the record, effectively dispose of the first two claims. The trial court found that counsel did perform in a professionally competent manner, pointing first to his diligent pretrial preparation, which included a crime scene visit, interviews with 20 or more witnesses, employment of a forensic pathologist, review of incident reports and the State's evidence, the filing of numerous motions, multiple meetings with Peterson, informing Peterson of his strategic decisions, and securing the names of potential witnesses from Peterson whom counsel thereafter interviewed.

The trial court also noted counsel's consultations about the case with at least three other attorneys, his objections to the State's evidence, his professional presentation of evidence at trial, and his proposed jury instructions. The trial court observed that the questions asked at the hearing on the new trial motion revealed that Peterson's post-hoc objections to his trial counsel's performance are, in essence, nothing more than mere "second guessing" of trial counsel's reasonable tactical and strategic decisions by Peterson's post-trial counsel.

The evidence in the record supports the trial court's rejection of Peterson's claims that trial counsel performed unprofessionally by failing to conduct an adequate investigation, failing to interview all the State and defense witnesses prior to trial, and failing to properly consult with him and advise him before and during the trial. Peterson thus failed to satisfy the first prong of the *Strickland* test with respect to these claims. In any event, Peterson also failed to demonstrate how the unspecified additional investigation, interviewing, and consultation he now claims trial counsel should have engaged in would have altered the outcome of the trial in his favor. As noted above, Peterson's rank speculation that they would have made a difference is insufficient as a matter of law to establish *Strickland* prejudice.

That leaves only Peterson's third allegation of ineffective assistance, namely, counsel's allegedly unprofessional conduct in failing to object when the trial court allowed a juror to remain on the jury panel and failing to ensure that Peterson was personally present when the issue was discussed in chambers. The first part of this claim is easily resolved. According to the trial court, this is what

happened. During voir dire, a juror indicated that he did not know any of the State's witnesses. However, unbeknownst to him, his son not only knew one of the State's witnesses, but also gave the witness permission to "crash" on the couch at the juror's home one night in the middle of the trial. The juror did not know anyone was sleeping on the couch until he was leaving for court the following morning, and he did not realize the man was one of the State's witnesses until he saw him in court later that day. The juror had said "good morning" to the witness, but that was the sum total of all the communication he had ever had with him. When the juror realized that the man who had been on his couch that morning was involved in the case, he promptly brought the issue to the trial court's attention. The trial court conducted a brief hearing in camera with the juror, the prosecutor, and Peterson's trial counsel all present. After questioning the juror, both the trial court and the attorneys for the parties were satisfied that his fleeting encounter with the witness earlier that day would have no effect whatsoever on his evaluation of the case, and the juror was permitted to remain.

Trial counsel did not perform unprofessionally in agreeing to allow the juror to remain on the panel. Trial counsel explained at the hearing on the new trial motion that he believed — in light of the juror's decision to come forward, his explanation, and his overall behavior — that the juror was trustworthy and being straightforward, that he did not know the witness aside from that one brief encounter, that he had not discussed the case with him outside of court, and that the juror would be fair and impartial if allowed to continue serving. As trial counsel characterized it at the hearing on the new trial motion, "[i]t was one of those judgment calls, no more than that and no less than that." The trial court held, and we agree, that under these circumstances, counsel's decision to allow the juror to remain on the panel was a perfectly reasonable tactical decision. Peterson has thus failed to establish that trial counsel's performance was deficient in this regard. Furthermore, Peterson did not even assert, much less show, that had the juror been removed, and a new juror substituted in his place, there is a reasonable probability that the outcome of the trial would have been any different.

Peterson's final argument is that trial counsel rendered deficient service in failing to safeguard his right to be present when the trial judge and the attorneys discussed the situation with the juror outside his presence. The United States and Georgia Constitutions both secure the fundamental right of criminal defendants to be

present at all critical stages of the proceedings against them.[9] However, there is a critical difference between the right protected by the Georgia Constitution and the corresponding federal constitutional right. Under governing United States Supreme Court precedent, denial of the federal constitutional right to be present is subject to harmless error review on appeal.[10] By contrast, under our case law, a denial of the right to be present guaranteed by the Georgia Constitution is not.[11] A violation of the Georgia Constitution's right to be present is presumed to be prejudicial.[12] Thus, absent a valid waiver by the defendant, a violation of the right to be present enshrined in the Georgia Constitution triggers reversal and remand for a new trial whenever the issue is properly raised on direct appeal.[13]

The trial court rejected Peterson's claim that his constitutional right to be present had been denied, and any attempt by Peterson to obtain reversal of this holding based on the federal Constitution would be doomed to failure given the mountain of evidence the State produced against Peterson. We would have no difficulty concluding that a violation of his federal constitutional right to be present was harmless beyond a reasonable doubt; even if Peterson had been present at the discussion with the juror, and even if he had somehow managed to convince the trial judge (on some basis not disclosed either to the trial court or to this Court) to remove the juror and seat a replacement in his stead, the verdict would have been the same. Perhaps because of this, in his filings with this Court, Peterson has cited only Georgia case law, arguing that once a violation of the right to be present is established, no showing of prejudice is necessary, and the trial court therefore erred as a matter of law in refusing to grant him a new trial based on the clear, unwaived denial of his right to be present at the in-chambers meeting of the trial court with the juror and the attorneys for both sides.

There is one critical flaw in Peterson's argument. When we remanded the case in 2001, we stated clearly that the scope of the remand was limited to findings of fact and conclusions of law on Peterson's ineffective assistance of trial counsel claim. We explicitly

---

[9] *Snyder v. Massachusetts*, 291 U. S. 97, 105-106 (54 SC 330, 78 LE 674) (1934); *Hanifa v. State*, 269 Ga. 797, 807 (505 SE2d 731) (1998).

[10] *Rose v. Clark*, 478 U. S. 570, 576 (106 SC 3101, 92 LE2d 460) (1986); *Rushen v. Spain*, 464 U. S. 114, 117-120 (104 SC 453, 78 LE2d 267) (1983).

[11] *King v. State*, 273 Ga. 258, 264 (539 SE2d 783) (2000); *Holsey v. State*, 271 Ga. 856, 860-861 (524 SE2d 473) (1999).

[12] *Sammons v. State*, 279 Ga. 386, 387 (612 SE2d 785) (2005); *Pennie v. State*, 271 Ga. 419, 422 (520 SE2d 448) (1999).

[13] *Sammons*, supra, 279 Ga. at 387; *Carter v. State*, 273 Ga. 428, 430 (541 SE2d 366) (2001).

said that we had already considered and rejected all other claims that Peterson raised or could have raised on direct appeal. As a result, in this subsequent appeal, we are not reviewing on direct appeal a trial court's rejection of a straightforward constitutional right-to-be-present claim. Instead, we are reviewing the denial of the right to be present solely as an instance of professionally deficient performance by counsel in the context of an ineffective assistance of counsel claim. Peterson is correct when he says that harmless error review is inapplicable to a pure right-to-be-present claim under the Georgia Constitution raised on direct appeal. However, where, as here, a defendant is not challenging his conviction directly based on an alleged violation of the right to be present, but instead raises the issue only indirectly under the aegis of an ineffective assistance of counsel claim, he or she must satisfy both prongs of the *Strickland* test for constitutional ineffective assistance of counsel claims.[14]

As explained above, Peterson has not shown that his absence from the juror's in-chambers meeting with the trial judge and the attorneys prejudiced him in any way. Thus, even if Peterson is right, and trial counsel was professionally deficient in failing to protect his constitutional right to be present at the meeting, he is still not entitled to reversal of the trial court's order denying his motion for new trial given the unusual procedural posture of the case. Accordingly, the trial court did not err in denying his new trial motion alleging ineffective assistance of counsel following our 2001 remand.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008 —
RECONSIDERATION DENIED JULY 25, 2008.

*Jeffrey L. Grube*, for appellant.
*Kelly R. Burke, District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.

---

[14] See *Greer v. Thompson*, 281 Ga. 419, 421-422 (637 SE2d 698) (2006).