## A11A1732. ROSSER v. THE STATE.
(718 SE2d 310)

MCFADDEN, Judge.

Jonathan Micah Rosser appeals his conviction for failing to comply with the requirements of the state sexual offender registry law. He also appeals his sentence, contending that he should have been sentenced to two years' probation, not ten years. Because, as the state concedes, the record does not reflect that Rosser knowingly waived his right to a jury trial, we vacate the conviction and remand the case for further proceedings. We find no merit in Rosser's challenge to his sentence because the sentence complies with the law in effect at the time of the commission of the offense.

After conducting a bench trial, the trial court found Rosser guilty and announced that it would sentence him to two years on probation and ordered him to pay a $1,000 fine. When the court entered the judgment of conviction, however, it sentenced Rosser to ten years on probation.

1. The version of OCGA § 42-1-12 (n) (3) in effect at the time of the commission of the offense, December 8, 2006, imposed a sentencing range of ten to thirty years. The statute was amended, effective May 20, 2010, to prescribe a sentencing range of one to thirty years. Ga. L. 2010, p. 168, § 11. Rosser argues that because his conviction and sentence were not final when the statute was amended, he should be given the benefit of the favorable change under the "pipeline rule." Under that rule, "a new rule of criminal procedure . . . will be applied to all cases then on direct review or not yet final." *Taylor v. State*, 262 Ga. 584, 586 (3) (422 SE2d 430) (1992). But

> [i]t has long been the law in this [s]tate that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission. Making a lesser penalty applicable to offenses committed prior to the enactment of the legislation creating the lesser penalty is contrary to the judicial interpretation of the laws of this [s]tate under which the penalty for a criminal offense relates only to those offenses committed when and after such legislation becomes effective.

(Citations and punctuation omitted.) *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006). Because at the time Rosser committed the offense the law prescribed a sentencing range of ten to thirty years, the trial court did not err in sentencing Rosser to ten years on probation.

2. Rosser argues that the trial court erred in conducting a bench trial without first ensuring that he knowingly, intelligently, and voluntarily waived his right to a jury trial. As the state concedes, the record is silent on the issue.

> When the purported waiver of this right is questioned, the [s]tate bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.

(Citation and punctuation omitted.) *Payne v. State*, 217 Ga. App. 386, 387 (460 SE2d 297) (1995). The record's silence prevents the state from meeting its burden of demonstrating a knowing and voluntary waiver. *Jackson v. State*, 253 Ga. App. 559, 560 (560 SE2d 62) (2002). Therefore,

> because the record in this case does not adequately demonstrate whether [Rosser] made a knowing and intelligent waiver of his right to a jury trial, the conviction is hereby vacated, and the case is remanded to the trial court for an evidentiary hearing on this issue. *Lawal v. State*, 201 Ga. App. 797, 798 (2) (412 SE2d 864) (1991). In the event the trial court determines from the evidence adduced at this hearing that [Rosser] did make such a waiver and that he personally participated in the decision, then the conviction and sentence may be reinstated, and [Rosser] will be entitled to file a new appeal directed to this issue. [Cits.]

Id. at 562.

*Judgment vacated and case remanded with direction. Phipps, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 26, 2011.

*Wystan B. Getz*, for appellant.

*Daniel J. Porter, District Attorney, Teresa B. Klein, Assistant District Attorney*, for appellee.