## A11A2014. RAMAGE v. THE STATE.
### (725 SE2d 791)

BLACKWELL, Judge.

Thomas Lee Ramage was tried by a Baldwin County jury and convicted of aggravated child molestation, child molestation, incest, and cruelty to children.[1] He then filed a motion for new trial, in which he claimed, among other things, that he was deprived at trial of his constitutional right to be present during all critical stages of the proceedings when the trial judge met privately with the jury on several occasions during its deliberations, an unusual procedure to which his lawyer consented at trial, but about which Ramage knew nothing, he says, until after the trial had concluded. The court below refused a new trial on this ground,[2] apparently because, although Ramage himself never expressly consented to the judge meeting privately with the jury, his lawyer did.[3] The court below made no findings, however, about whether Ramage was present when his lawyer consented to this procedure, whether Ramage expressly

---

[1] Ramage was convicted of two counts of aggravated child molestation, seven counts of child molestation, and one count each of incest and cruelty to children. Ramage was acquitted of one count of aggravated child molestation, four counts of child molestation, one count of statutory rape, and three counts of criminal attempt to commit child molestation. The jury was unable to reach a verdict on another count of child molestation, and the trial court declared a mistrial on that count.

[2] On other grounds, the court below granted a new trial to Ramage on three child molestation counts.

[3] The written order on the motion for new trial, which consists of only one sentence, does not explain the thinking of the court below about this issue. But at the hearing on the motion

authorized his lawyer to do so, or whether Ramage later acquiesced in the consent given by his lawyer. Ramage appeals, and we conclude that the court below applied the wrong legal standard in its consideration of whether Ramage waived his right to be present when the judge met with the jury. For this reason, we vacate the order denying the motion for new trial, and we remand for the court below to find the pertinent facts and apply the correct legal standard.[4]

As we noted earlier, the trial judge met privately with the jury on several occasions during its deliberations. The first occasion followed a note from the jury, in which the jury asked about the definition of statutory rape. The trial judge informed the lawyers of the note, and the prosecuting attorney suggested that the judge go into the jury room and give the same charge on statutory rape that the judge had given earlier. The lawyer representing Ramage said then that he agreed with this suggestion, and the judge went alone into the jury room and addressed the jury. The transcript does not reflect what was said in the jury room, and it does not reveal whether Ramage was present in the courtroom when his lawyer agreed to this procedure.

The jury later sent another note to the judge, in which it asked about the consequences of a failure to reach a unanimous verdict on one of the counts. In response to this note, the judge suggested that he visit with the jury to ascertain whether it still was deliberating on other counts "and then come back and tell you all," and both lawyers agreed. The judge then entered the jury room, and when he emerged from it, he reported that the jury still was deliberating on "some" of the counts. Although a verdict apparently had been reached by then on some counts, the judge added that he did not know the nature of any such verdict. After a brief discussion with the lawyers, the judge suggested that he return to the jury room and instruct the jury to continue deliberating. Again, both lawyers agreed, and the judge entered the jury room and apparently instructed the jury to continue deliberating. Whatever was said in the jury room during these visits

---

for new trial, the court explained:

> [N]othing that was done in this case was done without the consent of the attorneys for both sides. . . . I didn't just wander in and out of the jury room without a conversation with [the lawyers]. So, I don't think Mr. Ramage's rights were denied in any way in that process and I'm going to deny that ground for your motion . . . .

In light of the explanation given by the court at the hearing, we understand the court to have found that Ramage waived his presence by the consent of his lawyer.

[4] Ramage also contends on appeal that he was deprived at trial of the effective assistance of counsel. Because we are vacating the order below and remanding for further proceedings about whether Ramage waived his right to be present, we need not address the ineffective assistance claims at this time, and we decline to do so. If the court below refuses a new trial on remand, Ramage will have an opportunity to appeal again, and he can raise his ineffective assistance claims then.

is not reflected in the transcript, and the transcript does not reveal whether Ramage was in the courtroom when the judge discussed these visits with the lawyers.

A little while later, the judge announced that one of the jurors wished to be excused to deal with a personal matter at her home. The court excused that juror with the consent of the lawyer representing Ramage, and the excused juror was replaced with an alternate juror. Shortly thereafter, the bailiff informed the judge that the jury wanted to see him again. The judge went again into the jury room, and when he emerged, he reported that the jury had voted on at least some counts before the juror was excused, and the remaining jurors and alternate wanted to know if they should vote again on those counts with the alternate. The judge sought the advice of the lawyers about how best to proceed, and the lawyer for Ramage said that he wanted the alternate to deliberate with the other jurors. The judge agreed, and he again entered the jury room, where he apparently instructed the jury to continue deliberations. Once again, whatever was said in the jury room is not reflected in the transcript, and the transcript does not reveal whether Ramage was present in the courtroom at the time of these occurrences.

After the jury had deliberated for between six and seven hours, the judge announced that the jury apparently had reached a verdict as to every count but one. The judge suggested that he give a modified *Allen* charge[5] and ask the jury if there was "any realistic possibility [the jury could] come to a unanimous decision on [the remaining] count." Both lawyers agreed with this approach, and the judge again went into the jury room. The judge then emerged and confirmed that the jury had reached a verdict, albeit without a unanimous decision on one count. The jury returned to the courtroom, and the judge gave a modified *Allen* charge and asked if there was a reasonable possibility that the jury could reach a unanimous decision on the remaining charge. When the foreperson responded that there was no such possibility, the jury returned its verdict.

The United States and Georgia Constitutions guarantee the right of an accused "to be present at all critical stages of the proceedings against [him]." *Peterson v. State*, 284 Ga. 275, 278-279 (663 SE2d 164) (2008); see also *Faretta v. California*, 422 U. S. 806, 819 (III) (A), n. 15 (95 SC 2525, 45 LE2d 562) (1975); *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998). Consequently, our Supreme Court has warned that, during a trial, the judge "should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel." *Hanifa*, 269 Ga. at 807 (6)

---

[5] See *Allen v. United States*, 164 U. S. 492, 501 (9) (17 SC 154, 41 LE 528) (1896).

(citation and punctuation omitted). And we have held that an accused is entitled to be present for, among other things, the giving of a jury charge and a colloquy between the judge and jury. *Locklin v. State*, 228 Ga. App. 696, 697 (2) (492 SE2d 712) (1997).[6] A denial of the right to be present as guaranteed by our State Constitution is "presumed to be prejudicial" and, if properly raised on appeal, requires "reversal and remand for a new trial."[7] *Peterson*, 284 Ga. at 279.

On the motion for new trial, the court below found that the lawyer representing Ramage at trial consented to the judge meeting privately with the jury during its deliberations, and the court concluded that Ramage effectively waived his right to be present by the consent of his lawyer. That conclusion reflects an application of an erroneous legal standard. Although an accused can waive the right to be present, his lawyer properly can waive the right on his behalf, we have said before, only in his presence, with his express authority, or with his subsequent acquiescence. *Stewart v. State*, 210 Ga. App. 474, 474 (1) (436 SE2d 679) (1993). See also *Locklin*, 228 Ga. App. at 697 (2). The court below made no findings about whether Ramage was present when his lawyer consented to the judge meeting privately with the jury, whether Ramage expressly authorized his lawyer to do so, or whether Ramage later acquiesced in these meetings. We are in no position on appeal to resolve these questions of fact, inasmuch as the trial transcript is silent about these things, and the other evidence in the record is conflicting and ambiguous. At the hearing on the motion for new trial, Ramage testified that he was not present when his lawyer consented to the meetings and that his lawyer never consulted with him about such meetings. His lawyer testified, on the other hand, that although he was not certain that Ramage was present in the courtroom every time the lawyer consented to the judge meeting privately with the jurors, the lawyer recalled counseling Ramage at the defense table with respect to at least some of the communications between the judge and the jury. In light of the conflicting and ambiguous evidentiary record, we vacate the denial of the motion for new trial, and we remand for the court below to find the pertinent facts and then to apply the correct legal

---

[6] The State points to cases in which the courts have held that an accused may not always have a right to be present for a charge conference or other conference in which the judge and lawyers discuss purely legal matters, see *Huff v. State*, 274 Ga. 110, 111-112 (2) (549 SE2d 370) (2001), but the giving of a jury charge and a colloquy between the judge and jury about the status of deliberations are different matters altogether.

[7] A denial of the right to be present as guaranteed by the United States Constitution, on the other hand, raises no presumption of prejudice and is subject to harmless error analysis on appeal. See *Peterson*, 284 Ga. at 279. In this case, Ramage asserts his right to be present under both the federal and state constitutions.

standard to resolve the question of waiver. On remand, the court may rely upon the existing evidentiary record, or if it determines that record to be inadequate, it may reopen the evidence and conduct such other and further proceedings as are appropriate. See *Rosser v. State*, 312 Ga. App. 240, 241 (2) (718 SE2d 310) (2011).

*Judgment vacated and case remanded. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 8, 2012.

*John H. Bradley*, for appellant.
*Fredric D. Bright, District Attorney, DeLeigh P. Shelton, Assistant District Attorney*, for appellee.