**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 14, 2015**

# In the Court of Appeals of Georgia

A15A0325. ESTRADA v. THE STATE.

McFADDEN, Judge.

Hugo Estrada was indicted for one count of armed robbery. After a jury trial, Estrada was convicted of the lesser-included offense of robbery. Estrada now appeals the conviction. He argues that he had a right under the Georgia constitution to be present during a particular interaction between the trial court and the jury and that the violation of this right warrants a reversal of his conviction. We find that Estrada waived this issue and therefore affirm.

After the closing arguments in Estrada's jury trial, the trial court instructed the jury on, among other things, the need for unanimity and the option of convicting Estrada of robbery as a lesser-included offense of armed robbery. An hour and forty-five minutes after beginning deliberations, the jurors sent written questions to the

court. The court, the prosecutor, and defense counsel entered the jury room to respond. Although the communication was not transcribed, afterwards the trial court made a record of what had occurred. According to the trial court, the court

> along with the attorneys for both the [s]tate and the accused went to the jury room to respond to the note . . . [t]hat basically had to do with the question of the verdict being unanimous and how to deal with the question of the lesser-included offense. The [c]ourt explained that the verdict had to be unanimous and that [the jurors] . . . can consider . . . a lesser-included offense if they feel it is appropriate. After giving an explanation as to how a lesser-included offense [was] to be considered, both counsel were satisfied as to the [c]ourt's explanation of that.

After making this record, the trial court asked the prosecutor and defense counsel if they had "[a]ny questions or objections or exceptions as to what [the trial court] said to the jury in the jury room." In response, defense counsel replied, "No, sir, none."

Estrada argues that the trial court violated his right to be present when the court answered the jury's questions in his absence. See *Morris v. State*, 257 Ga. 781, 784 (4) (364 SE2d 571) (1988) ("[A]ny answers to . . . questions [from the jury related to their decision process] must be given in open court with the accused and his counsel present."). A violation of the defendant's right under the Georgia constitution to be

2

present at critical stages of the proceedings is presumed to be prejudicial; violating this right warrants a "reversal and remand for a new trial whenever the issue is properly raised on direct appeal." *Peterson v. State*, 284 Ga. 275, 279 (663 SE 2d 164) (2008) (citations omitted). However, a defendant may waive that right. Id.

Estrada does not dispute that he was present in the courtroom when, after the jury room visit,

> a summary of the communication[] was placed on the record by the trial judge and agreed to by the prosecuting attorney and defense counsel. [B]ut there is no indication on the record that [Estrada] objected himself or sought to have his trial counsel object on his behalf. . . . [Estrada] had opportunities to discuss [the jury room] visit[] with counsel after the fact and assert any objections he had, but the record is silent in that regard. We conclude, therefore, . . . that any objection to the communication with the jury . . . was waived.

*Fuller v. State*, 277 Ga. 505, 506-507 (2) (591 SE2d 782) (2004). Consequently, Estrada has not shown that he is entitled to reversal and we affirm his conviction.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur*.

3