**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 27, 2023**

# In the Court of Appeals of Georgia

A23A0137. CASAS v. THE STATE.

GOBEIL, Judge.

Following a jury trial, Marco Antonio Casas was convicted of three counts of burglary in the second degree and one count of criminal damage to property in the second degree. He appeals the denial of his motion for new trial, arguing that his rights under the Georgia Constitution were violated when the trial court excluded him from critical stages of the proceedings. He also claims that the trial court erred by "summarily" ordering him to wear a shock belt after an altercation with trial counsel. For the reasons explained more fully below, we affirm.

The record[1] shows that Casas was charged by indictment with committing burglary in the second degree by unlawfully entering Supermercado El Bajio with the intent to commit a theft therein (Counts 1 and 4), and with burglary in the second degree and criminal damage to property in the second degree for unlawfully entering a Zaxby's with the intent to commit a theft therein and damaging a glass door and cash registers in the restaurant (Counts 2 and 3).

The case proceeded to a jury trial, and during the direct examination of one of the State's witnesses, Casas interjected and asked that the witness "[n]ot . . . talk about [Casas's] cousin." The trial court excused the jury and the witness, and trial counsel and the court admonished Casas not to disrupt the proceedings. Casas continued to interrupt trial counsel and the trial court, and after a 15-minute recess, the trial resumed. After the State rested, and the trial court denied Casas's motion for a directed verdict, the court conducted a colloquy with Casas about his right to testify, and Casas stated that he did not wish to testify. Trial counsel then asked if he could have ten minutes to speak with Casas in the holding cell. Trial counsel testified that he requested the recess to ensure that Casas understood that he would not be

---

[1] "As [Casas] does not challenge the sufficiency of the evidence to support [his] convictions, we note only those portions of the record necessary to address [his] claims of error." *Dugar v. State*, 314 Ga. 376, 377 n. 2 (877 SE2d 213) (2022).

permitted to interrupt or speak while the prosecutor made her closing argument. The court granted a recess, and Casas, trial counsel, and a legal intern proceeded to a back area where the holding cell was located.

During the recess, trial counsel and Casas spoke in the holding cell while a sheriff's deputy stood guard. Casas then stated that he wanted to change out of his civilian clothes and into his jumpsuit, and go back to the jail. Trial counsel explained to him that the purpose of their conversation was not to discuss whether or not Casas wanted to go back to jail. At that point, Casas "lunged at [trial counsel] with a backhand" and a physical altercation ensued. Casas pulled on trial counsel's tie, and counsel began punching Casas to defend himself.

Once deputies subdued Casas, trial counsel informed the court of the fight, and let the court know that Casas had blood on his clothes and possibly needed medical attention. The judge held an in-chambers meeting with trial counsel and the prosecutor to learn what had happened, and the judge made the decision to adjourn for the day. This discussion occurred off the record, the court reporter did not memorialize the conversation, and Casas was not present at the meeting. The trial transcript indicates only that "a short recess was taken, then [court] was recessed for the evening to recommence as directed by the court" the following morning.

The next morning, the judge held a brief in-chambers meeting (again, outside of Casas's presence) to discuss whether the parties were ready to proceed. Trial counsel was unable to recall if this meeting included a discussion about extra security measures the trial court intended to impose. In any event, before bringing the jury in, the court informed Casas that, due to the fight the previous day, "the [c]ourt has decided . . . to place [Casas] in a safety device" to prevent him from "interrupt[ing] the trial or do[ing] anything that is violent[.]" Neither Casas nor his trial counsel objected or asked questions, and Casas was required to wear a shock belt for the remainder of the proceedings.

Following closing arguments and the charge of the court, the jury returned a guilty verdict on all counts, and Casas filed a motion for new trial, as amended. Trial counsel withdrew from representation, and post-conviction counsel was appointed. At the first hearing on Casas's motion for new trial, post-conviction counsel requested leave to amend the motion for new trial and asked that the hearing be continued so he could investigate further. The court granted the request and held a second hearing after Casas filed his second amendment to his motion for new trial, in which he raised the claims now asserted on appeal. The only witness Casas called at the hearing was his trial counsel. At the conclusion of the hearing, the trial court

4

orally denied the motion for new trial, and later issued a written order detailing its findings of fact and conclusions of law. This appeal followed.

1. Casas first argues that his rights under the Georgia Constitution were violated when the trial court excluded him from critical stages of the proceedings. Specifically, he contends that the trial court's in-chambers meetings with the prosecutor and trial counsel, outside of Casas's presence, violated his due process rights. We disagree.

"The United States and Georgia Constitutions both secure the fundamental right of criminal defendants to be present at all critical stages of the proceedings against them." *Peterson v. State*, 284 Ga. 275, 278-279 (663 SE2d 164) (2008). "[A] 'critical stage' of a criminal proceeding is defined as one in which the defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some other way." *Brewner v. State*, 302 Ga. 6, 10 (II) (804 SE2d 94) (2017) (citation and punctuation omitted).

> A violation of the Georgia Constitution's right to be present is presumed to be prejudicial. Thus, absent a valid waiver by the defendant, a violation of the right to be present enshrined in the Georgia Constitution triggers reversal and remand for a new trial whenever the issue is properly raised on direct appeal.

*Peterson*, 284 Ga. at 279 (citations omitted). Conversely, a defendant's presence at stages of the proceedings that deal with "logistical and procedural matters[ ] bears no relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Nesby v. State*, 310 Ga. 757, 759 (2) (853 SE2d 631) (2021) (citation and punctuation omitted).

Here, the altercation occurred after the State had rested, after trial counsel argued the motion for a directed verdict, and after Casas informed the court that he did not intend to testify. The record demonstrates that the substance of the in-chambers meetings concerned what occurred during the physical fight between Casas and his trial counsel and whether and when closing arguments could proceed. Indeed, the day after the fight, neither side presented additional evidence or witnesses, and the jury heard closing arguments from the State and trial counsel, was instructed on the law to be applied, deliberated, and returned a verdict.

Although this case certainly presents an unusual situation, Casas has failed to demonstrate that the conversations surrounding the altercation had any impact *on the trial itself*. Rather, the discussions pertaining to the fight were, in essence, conferences about logistical matters that bore no relation to "the fullness of [Casas's] opportunity to defend against" the charges for burglary and criminal damage to

property. *Nesby*, 310 Ga. at 759 (2) (citation and punctuation omitted). Accordingly, Casas's absence from these meetings did not violate his right to be present. Id. See *Heywood v. State*, 292 Ga. 771, 773-774 (3) (743 SE2d 12) (2013) (rejecting defendant's right-to-be-present claim where bench conferences "involved only legal arguments regarding objections and proper trial procedure or logistical matters such as the order in which witnesses could be called and when to take breaks in the trial proceedings"); *Jackson v. State*, 252 Ga. App. 157, 161 (5) (555 SE2d 835) (2001) (concluding that defendant's right to be present was not violated where trial court held an in-chambers meeting concerning whether to appoint another attorney to represent defendant; because "discussion did not implicate [defendant's] rights, defenses, or privileges, and it had no effect on the outcome of the case," this Court held that meeting did not qualify as a critical stage in the proceedings).

2. Casas also argues that the trial court abused its discretion by requiring him to wear an electric shock belt after the altercation with trial counsel. We discern no reversible error.

Under OCGA § 15-1-3 (1), a trial court has the power "[t]o preserve and enforce order in its immediate presence and, as near thereto as is necessary, to prevent interruption, disturbance, or hindrance to its proceedings."

7

Although it is well settled that a defendant is entitled to a trial free of partiality which the presence of excessive security measures may create, it is also well established that the use of extraordinary measures to prevent the dangerous or disruptive behavior which threatens the conduct of a fair and safe trial is within the discretion of the court.

*Brashier v. State*, 299 Ga. App. 107, 108 (1) (681 SE2d 750) (2009) (citation and punctuation omitted). Our Supreme Court previously has held that "utilization of a remedial electronic security measure shielded from the jury's view is permissible where the defendant fails to show that he was harmed by its use." *Weldon v. State*, 297 Ga. 537, 541 (775 SE2d 522) (2015).

Casas argues that the trial court failed to sufficiently explain its rationale for requiring Casas to wear the shock belt. Citing Justice Nahmias's concurring opinion in *Weldon*, Casas contends that the trial court abused its discretion in ordering him to wear a shock belt because the court did not

(1) explain why such an extraordinary security measure is needed to protect the safety and decorum of the proceeding and those participating in it; (2) consider alternative ways to address that need; (3) ensure that the defendant is aware of the operation of the device and, in particular, what conduct by him may lead to a shock; and (4) provide an

opportunity for the defendant to address these matters and present any other concerns about the use of the shock device.[2]

297 Ga. at 541-542 (Nahmias, J., concurring). According to Casas, because the record does not include specific findings on these issues, he is entitled to a new trial. This contention fails, however, because "[t]he decisions of our Supreme Court do not . . . require a trial court to make these findings [on the record regarding the use of a shock device], and we need not reverse on account of the trial court's failure to do so." *Lovelace v. State*, 262 Ga. App. 690, 698 (7) (586 SE2d 386) (2003) (footnote omitted).

Here, the trial court did not employ the shock belt until after the close of evidence. Importantly, the trial court noted on the record (outside the presence of the jury) that it was requiring Casas to wear a safety device as a result of the previous day's violence. Even if the court erred by failing to make additional, explicit findings regarding its consideration of alternative security measures and Casas's understanding of the shock device's operation, any such error is not reversible under

---

[2] As they relate to stun belts, the factors Justice Nahmias mentions in his concurrence are derived from *U.S. v. Durham*, 287 F3d 1297, 1309 (11th Cir. 2002). Georgia's appellate courts have not held that express consideration of these factors is a precondition to a trial court's use of electronic security measures.

the facts of this case. More pointedly, Casas has failed to establish that he was harmed or prejudiced by the shock belt. See *Garner v. State*, 342 Ga. App. 824, 825 (1) (805 SE2d 464) (2017) (noting that to show trial court denied defendant right to a fair trial by requiring him to wear shock belt, "defendant must show that the use of the shock device prejudiced his due process rights or interfered with his right to counsel"). Casas did not testify at either motion for new trial hearing, and he did not present evidence at those hearings that the jury could see the shock belt, that the belt was activated at any time while he wore it, or that the device negatively affected him. See *Weldon*, 297 Ga. at 541. *Campbell v. State*, 333 Ga. App. 829, 833 (2) (777 SE2d 507) (2015) (finding no abuse of trial court's discretion in ordering defendant to wear non-visible electronic restraint belt where defendant failed to demonstrate that belt had an adverse effect on him or that it prevented him from assisting his attorney); *Scieszka v. State*, 259 Ga. App. 486, 487 (1) (578 SE2d 149) (2003) (rejecting defendant's argument that trial court abused its discretion by requiring him to wear stun belt throughout trial without any finding of necessity for such measure because there was nothing in the record to indicate that the belt was visible to the jury and no support for defendant's assertion that belt inhibited his ability to participate in his defense).

Finally, neither Casas nor trial counsel raised any objection that the shock belt was interfering with Casas's ability to assist in his defense. "Failure to raise the issue deprives the trial court of the opportunity to take appropriate remedial action and waives appellate review of any alleged impropriety." *Weldon*, 297 Ga. at 541. See also *Cambell*, 333 Ga. App. at 833 (2) ("[defendant] has pointed to no assertions he made during the trial in which he asserted that wearing the restraint belt had an adverse effect on him because it prevented him from assisting his attorney[;]" "a party can not during trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later") (citation and punctuation omitted).

In light of the foregoing, we affirm the trial court's denial of Casas's motion for new trial.

*Judgment affirmed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*